# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTOPHER META, | ) |
|        Plaintiff, | ) CASE NO. 4:14-CV-0832 |
| | ) |
|   v. | ) JUDGE DONALD C. NUGENT |
| | ) |
| TARGET CORP., et al. | ) |
| | ) |
|        Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Agreement") is made and entered into by and between Christopher Meta, individually and on behalf of the Settlement Class he represents ("Plaintiff"), and Target Corporation ("Target") and Nice-Pak Products, Inc. ("Nice-Pak") (collectively, "Defendants"). Plaintiff and Defendants are referred to herein as the "Parties." This settlement is intended to fully, finally, and forever resolve, discharge, release, and settle the Released Claims (as defined below) upon and subject to the terms and conditions herein (the "Settlement").

## RECITALS

This Agreement is entered into based on the following:

1.     On April 18, 2014, Plaintiff filed a Class Action Complaint against Defendants in the United States District Court for the Northern District of Ohio, captioned *Christopher Meta v. Target Corporation, et al.*, Case No. 4:14-CV-0832 (the "Action").

2.     On July 3, 2014, Plaintiff filed an Amended Class Action Complaint against Defendants, alleging that Up & Up flushable wipes are not "flushable" and seeking monetary

damages and injunctive relief for the following claims: (1) tortious breach of warranty; (2) negligent design; (3) negligent failure to warn; (4) negligent misrepresentation; (5) fraud; (6) defective design/formulation (R.C. 2307.75); (7) product defect due to inadequate warning or instruction (R.C. 2307.76); (8) product defect due to nonconformance with representations (R.C. 2307.77); (9) breach of implied warranty of merchantability (R.C. 1302.27); (10) violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301) as to Target; and (11) unjust enrichment as to Target.

3.      After dispositive briefing, the following claims survived: (5) fraud (against Nice-Pak); (9) breach of implied warranty of merchantability (R.C. 1302.27) (against Target); and (10) violation of the Magnuson-Moss Warranty Act (15. U.S.C. § 2301) (against Target).

4.      The Court certified a class under Fed. R. Civ. P. 23(b)(3) with respect to Plaintiff's implied warranty of merchantability and Magnuson-Moss Warranty Act claims against Target and determined Mr. Meta was an adequate class representative for those claims. The Court, however, limited the class to Ohio "purchasers of the Nice-Pak 'Buckeye' formulation of Up & Up wipes from April 18, 2010 through the discontinuation of that product formulation in 2014" (the "Class"). In doing so, the Court specifically excluded from the class purchasers of Nice-Pak's subsequent "Sigma" formulation of Up & Up flushable toddler wipes, which Target began distributing in 2014, as Plaintiff presented no evidence that he was injured by the "Sigma" product formulation.

5.      The Court appointed Spangenberg Shibley & Liber LLP and Tycko & Zavareei LLP as class counsel for the certified class.

6.      Plaintiff's fraud claim against Nice-Pak survived only as to Mr. Meta's individual claim.

7.      The Court ruled that the Class can recover only a reimbursement of the price

2

premium allegedly charged for the "flushable" component of the Nice-Pak Up & Up flushable toddler wipes through the discontinuation of the "Buckeye" product formulation and cannot recover alleged damages relating to harm made to individual plumbing and/or septic systems.

8.      The Court ruled that the Class cannot obtain injunctive relief or recover alleged damages relating to any alleged harm resulting from the use of Nice-Pak's subsequent "Sigma" formulation of Up & Up flushable toddler wipes.

9.      The Parties and their counsel have extensively investigated the facts and issues raised in the Action, and have sufficient information to evaluate settlement and this Agreement.

10.      Over the course of the Action, Defendant produced to Class Counsel over 200,000 pages of documents. Class Counsel also took five depositions of Defendants' employees, requested and received written discovery responses from Defendant and several third parties, and conducted expert discovery, during which eight depositions occurred.

11.      Defendants deny the validity of any allegations made in the Action or any liability with respect thereto, and specifically deny that any applicable rule, statute, regulation, or law requires any supplemental disclosure or any other settlement consideration, but have agreed to the Settlement set forth herein to avoid further delay and the substantial burden, expense, risk, inconvenience, and distraction of continued litigation, and to fully and finally resolve the Action and any claims that could have been made in the Action.

12.      The Action was a motivating factor for Nice-Pak to increase its involvement in consumer education initiatives regarding what products should and should not be flushed.

13.      Counsel for Plaintiff and counsel for Defendants have engaged in arm's length negotiations concerning settlement of the Action. After extensive confidential settlement negotiations, including those taking place during formal mediation proceedings, the parties have reached an agreement providing for the settlement of the Action on the terms and subject to the

3

conditions set forth below. The Parties did not discuss Attorneys' Fees and Costs or any potential Incentive Award until they first agreed on the substantive terms of this settlement.

14.     The Parties hereby agree that for settlement purposes only, the Settlement Class shall be defined as all persons residing in the United States who purchased Up & Up flushable toddler wipes from April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014 (the "Settlement Class" or "Class Members"). The Settlement Class specifically excludes purchasers of Nice-Pak's "Sigma" formulation and subsequent product formulations of Up & Up flushable toddler wipes. Nice-Pak submitted its testing methodology and results relating to is "Sigma" technology flushable wipes to the Federal Trade Commission ("FTC") to substantiate its flushability claims for that product formulation. The FTC analyzed the composition, performance, labeling, and testing of the "Sigma" product formulation and has not sought any revisions to Nice-Pak labeling relating to its flushability claims for the "Sigma" technology flushable wipes nor any subsequent product formulation.

15.     Class Counsel has analyzed and evaluated the merits of all Parties' contentions and this settlement as it affects all Parties and the Class Members. Among the risks of continued litigation are the possibility that Plaintiff will be unable to prove liability, damages or entitlement to injunctive relief at trial on a classwide or individual basis.

16.     Plaintiff's counsel and Defendants' counsel, in light of their knowledge of this Action and their experience, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and in the best interest of Plaintiff and the Settlement Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned Parties, that the Action shall be settled, subject to the approval of the Court pursuant to Rules 23 and 41 of the Federal Rules of Civil Procedure, upon and subject to the following terms and conditions:

4

## DEFINITIONS

1.      "Action" means *Christopher Meta v. Target Corporation, et al.*, Case No. 4:14-CV-0832, commenced by Plaintiff against Defendants on April 18, 2014, in the United States District Court for the Northern District of Ohio.

2.      "Agreement" or "Settlement" means this Stipulation and Agreement of Settlement, including all exhibits hereto.

3.      "Claims Deadline" means thirty (30) days after the Final Settlement Hearing held by the Court to consider final approval of the Settlement.

4.      "Claim Form" or "Claim Forms" means online and paper forms in substantially the same form as Exhibits A1-A2 hereto.

5.       "Class Counsel" means Spangenberg Shibley & Liber LLP and Tycko & Zavareei LLP.

6.      "Class Period" means April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014.

7.      "Effective Date" means the date on which the judgment entered pursuant to the Final Judgment shall be deemed "Final", the Settlement contemplated by this Agreement shall be deemed effective, and the Parties and Class Members shall be definitively bound thereto. The Judgement shall be deemed "Final" on the date upon which the judgment is no longer subject to any further appeal or judicial reconsideration or review, whether by affirmance on or exhaustion of any possible appeal or review, writ of certiorari, lapse of time, or otherwise. Thus, "Final" means, without limitation, the date of expiration of time for the filing or noticing of any appeal from, or other request for judicial review or reconsideration of, the Final Judgment, without any appeal or other request for reconsideration or review having been filed or noticed; or, if an appeal or other request for further judicial review of the Final Judgment is timely filed or

5

noticed, the date on which all appellate and/or other judicial proceedings resulting from such filing(s) or notice(s) have been finally terminated, and the Judgement substantially in the form in as that attached hereto as Exhibit D has become effective without the possibility of further review by any court; provided however, and notwithstanding any provision to the contrary in this Agreement, the pendency of any appeal or judicial reconsideration or review relating to the approval of the Fee and Expense Amount, as addressed in Paragraph 11, shall not be considered in determining the Effective Date.

8.     "E-Mail Summary Notice" means the Notice of Class Action and Hearing thereon, attached hereto as Exhibit B1, which will be  e-mailed customers who purchased Up & Up flushable toddler wipes from January 1, 2013 through October 31, 2014 for whom e-mail addresses are available;

9.     "Excluded Persons" means Defendants, their affiliates, the Court, the mediator, government entities, and those who opt out of the class.

10.     "Fee and Expense Amount" means an award of attorneys' fees and reimbursement of expenses and costs in connection with the representation of the Settlement Class in this Action in an amount not to exceed One Million Six Hundred Fifteen Thousand Dollars ($1,615,000.00).

11.     "Final Approval" means the issuance of an order, substantially in the form of the Final Judgment attached hereto as Exhibit D, granting final approval of this Agreement as binding upon the Parties; holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided below; ordering that the settlement relief be provided as set forth in this Agreement; ordering the releases as set forth in Section 13, of this Agreement; entering judgment in this case; and

retaining continuing jurisdiction over the interpretation, implementation, and enforcement of the settlement.

12.    "Final Judgment" means a Final Order and Judgment substantially in the form attached hereto as Exhibit D.

13.    "Final Settlement Hearing" means a hearing to be held before the Court in order to determine (1) whether the Settlement set forth in this Agreement should be approved as fair, reasonable, and adequate; (2) whether the class notice and notice methodology constituted due, adequate, and sufficient notice to all persons entitled to notice, and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law, and constituted the notice as directed by the Court in the Preliminary Approval Order, to apprise Class Members of (a) the pendency of this Action; (b) the nature and terms of the Settlement; (c) the Class Members' right to object to the Settlement; and (d) the Class Members' right to appear at the Final Settlement Hearing; (3) whether a final judgment should be entered dismissing the claims of the Plaintiff and all other Class Members with prejudice, as contemplated by this Agreement; (4) whether the Court should enter a complete bar order, as set forth in the proposed Final Order and Judgement; (5) whether the Court should permanently bar and enjoin (a) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complain in intervention in this Action if the person or entity filing such motion or complain in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim (as herein defined) as to any Released Party (as

7

herein defined), and (b) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions or occurrences referred to in the Amended Complaint; (6) whether the Court should approve the Fee and Expense Amount (as defined herein) to Plaintiff's Counsel; and (7) any other matter that the Court may deem appropriate. The Parties anticipate that the Final Settlement Hearing will be scheduled approximately one hundred and twenty (120) days after the Court enters the Preliminary Approval Order.

14.     "Heffler" means Heffler Claims Group.

15.     "Incentive Award" means an award to the Plaintiff in the amount of Ten Thousand Dollars ($10,000.00).

16.     "Long Form Notice" means the Court-approved form of notice to Settlement Class Members in substantially the same form as Exhibit B2.

17.     "Memorandum of Understanding" means the Memorandum of Understanding entered into between the Parties on December 20, 2017.

18.     "Nice-Pak" means Nice-Pak Products, Inc.

19.     "Notice" or "Notices" means the notices to be sent via e-mail or postcard and/or made available online, including but not limited to the Long Form Notice, E-Mail Summary Notice, Postcard Summary Notice, and online advertising.

20.      "Party" or "Parties" means Plaintiff and Defendants.

21.     "Plaintiff" means Christopher Meta.

22. "Postcard Summary Notice" means the Notice of Class Action and Hearing thereon, attached hereto as Exhibit B3, which will be mailed to Target customers who purchased Up & Up flushable toddler wipes from January 1, 2013 through October 31, 2014 for whom only physical addresses are available.

23. "Preliminary Approval Order" means an order substantially in the form as the proposed Order Preliminarily Approving Class Settlement attached hereto as Exhibit C.

24. "Proof of Purchase" means an itemized retail sales receipt showing, at a minimum, the purchase of Up & Up flushable toddler wipes, the purchase price, and the date and place of the purchase.

25. "Released Claims" means the claims released as set forth in Section 13 of this Agreement.

26. "Released Party" or "Released Parties" means (i) Target Corporation; (ii) Nice-Pak Products, Inc.; and (iii) Target and Nice-Pak's past, present, and future consultants, contractors, officers, directors, employees, executors, heirs, indemnitors, representatives, attorneys, affiliates, insurers, subsidiaries, divisions, parents, predecessors, successors, agents (whether by estoppel or otherwise), and assigns.

27. "Settlement Class" or "Class Members" means all persons residing in the United States who purchased Up & Up flushable toddler wipes from April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014, specifically excluding Excluded Persons and purchasers of Nice-Pak's "Sigma" formulation and subsequent product formulations of Up & Up flushable toddler wipes.

28. "Settlement Website" means an internet website created and maintained by the Tilghman & Co., P.C. The URL of the Settlement Website shall be provided in the Notices.

29. "Target" means Target Corporation.

9

30.    "Tilghman" means Tilghman & Co., P.C.

## AGREEMENT

**1.    Stipulation to Class Certification.**

a.    The Parties hereby stipulate for the purposes of Settlement only that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Class shall be certified for settlement purposes. The Parties stipulate and agree to the conditional certification of the Settlement Class for purposes of this Settlement only. Should, for whatever reason, the Settlement not receive Final Approval, the parties' stipulation to class certification as part of the Settlement shall become null and void.

b.    Neither this Agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement, should be intended to be, construed as, or deemed to be evidence of an admission or concession by Target and Nice-Pak that a class should be or should have been certified for any purposes other than settlement, and none of them shall be admissible in evidence for any such purpose in any proceeding.

**2.    Preliminary Approval.**

a.    On or before March 30, 2018, Plaintiff shall apply to the Court for immediate entry of an order substantially in the same for as the Preliminary Approval Order attached hereto as Exhibit C. The Preliminary Approval Order shall specifically include provisions that:

i.    For the purposes of Settlement only, the Court shall find and determine that the Settlement Class shall be defined as all persons residing in the United States who purchased Up & Up flushable toddler wipes from April 18,

10

2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014 ("Class Period");

    ii.         Preliminarily approve the Settlement as set forth in this Agreement;

    iii.        Direct that notice be given to the Settlement Class in the manner specified in Paragraph 7, below;

    iv.        Schedule a Final Settlement Hearing;

    v.         Approve the form of the E-Mail Summary Notice attached hereto as Exhibit B1 and the Postcard Summary Notice attached hereto as Exhibit B3, direct that Tilghman send the E-Mail Summary Notice and Postcard Notice as described in Paragraphs 7d-7f below, and direct that Heffler implement the media program as described in Paragraph 7b below within thirty days (30) calendar days of entry of the Preliminary Approval Order;

    vi.        Find that Notice pursuant to Paragraph 7 below constitutes notice as ordered by the Court in the Preliminary Approval Order, constitutes due and sufficient notice of the Settlement and the matters set forth in said notices to all persons entitled to receive notice, and fully satisfies the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law;

    vii.        Provide that any Class Member who wishes to be excluded from the Settlement Class must send a written request for exclusion in the manner and to the address provided in the Notice, and that such requests must be postmarked or delivered on or before the date set by the Court (such date to be at least thirty (30) calendar days before the Final Settlement Hearing);

viii.    Provide that any objections by Class Members to the Settlement reflected in this Agreement, including the Fee and Expense Amount, shall be heard at the Final Settlement Hearing, and that any papers submitted in support of said objections shall be received and considered by the Court in connection with the Final Settlement Hearing (unless, in its discretion, the Court shall direct otherwise) only if persons making objections file with the Court, and serve upon counsel for Plaintiff and counsel for Defendants, on or before the date set by the Court (such date to be at least thirty (30) calendar days before the Final Settlement Hearing), written notice of their intent to appear at the Final Settlement hearing, and/or copies of any papers they ask the Court to consider in connection with issues to be addressed at the Final Settlement Hearing;

ix.    Provide that any objections by Class Members to the Settlement reflected in this Agreement, including the Fee and Expense Amount, must be made in the time and manner provided in the Long Form Notice, which is Exhibit B2 to this Agreement, and that any Class Member not submitting an objection in that manner shall be deemed to have waived such objection and be forever foreclosed from making any objection to the fairness or adequacy of the Settlement, including but not limited to the Fee and Expense Amount, the Incentive Award,  the compensation to Class Members, or the Final Judgment.

x.    Provide that, from the date of the Preliminary Approval Order until the Court determines whether final judgment should be entered in accordance with Paragraph 3 below, counsel for Plaintiff and all other Class Members, and any of them, and anyone acting on their behalf, are barred from commencing, prosecuting, instigating or in any way participating in the commencement or

prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party;

  xi.  Provide that the Final Settlement Hearing may, from time to time and without further notice to Class Members, be continued or adjourned by order of the Court; and

  xii.  Schedule the Final Settlement Hearing as close to one hundred and twenty (120) days after the Court enters the Preliminary Approval Order as possible.

**3.**  **Final Order and Judgment.**

  a.  Class Counsel shall file its motion for final approval of the settlement no less than ten (10) days in advance of the Final Settlement Hearing.

  b.  At the Final Settlement Hearing set by the Court, Class Counsel shall ask the Court immediately to enter a Final Judgment substantially in the form attached hereto as Exhibit D, although the proposed Final Judgment may be modified as needed to specifically address the arguments made in any objections to the Settlement. The Final Judgment shall specifically include provisions that:

  i.  Grant final certification of the Settlement Class solely for settlement purposes;

  ii.  Approve the Settlement set forth in this Stipulation as fair, reasonable, adequate, and direct consummation of the Settlement in accordance with the terms and provisions of this Agreement;

  iii.  Dismiss with prejudice all claims in the Action, without award of any damages, costs or fees, or the grant of any further relief, except as provided

13

for by this Agreement;

iv.     Adjudge that Plaintiff and all other Class Members shall conclusively be deemed bound by the Release contained in Paragraph 13 of this Agreement and preclude (a) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complain in intervention in this Action if the person or entity filing such motion or complain in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim (as herein defined) as to any Released Party (as herein defined), and (b) all persons and entities from filing, commencing, or prosecuting any other lawsuit (individually or as a class action, including seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions or occurrences referred to in the Amended Complaint;

v.      Completely bar the claims relating to or arising out of any Released Claims, as described in Paragraph 17 of the proposed Final Judgment;

vi.     Adjudge that the notice previously given to Class Members pursuant to Paragraph 7 constituted the notice as directed by the Court in the Preliminary Approval Order, constituted due and sufficient notice of the Action,

14

the Settlement, and the matters set forth in said notices to all persons entitled to receive notice, fully satisfied the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and otherwise complied with the terms of the Preliminary Approval Order;

vii.     Approve the award of a reasonable Fee and Expense Amount to Class Counsel, as described in Paragraph 11a;

viii.    Approve the payment of an Incentive Award to Plaintiff, as described in Paragraph 11b;

ix.     Overrule any Objections made to the Settlement;

x.      Find that Plaintiff and counsel for Plaintiff and the Settlement Class, Spangenberg Shibley & Liber LLP and Tycko & Zavareei LLP, have fairly and adequately represented the interests of the Settlement Class; and

xi.     Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Agreement and Settlement.

**4.      Effect of Court Disapproval.**

Except as may otherwise be agreed to by the Parties pursuant to the terms hereof, in the event this Court (or any other court, including a court of appeals):

a.      Disapproves or sets aside this Agreement or any material part hereof for any reason;

b.      Declines for any reason to enter or give effect to a Preliminary Approval Order identical in substance to that set forth in Exhibit C;

c.      Declines for any reason to enter or give effect to a Final Judgment identical in substance to that set forth in Exhibit D to this Agreement; or

        d.      Holds that the Final Judgment, or any judgment entered pursuant hereto, should in any material part be overturned or modified;

then this Agreement, and all negotiations, transactions, and proceedings in connection therewith (including the Memorandum of Understanding) shall not be deemed to prejudice in any way the respective positions of the Parties, and the Action shall be deemed to revert to its status as of the date and time immediately prior to the execution of this Agreement; the provisions contained in this Agreement and all negotiations, discussions, and proceedings in connection with this Agreement (including the Memorandum of Understanding) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement; the Defendants shall not be obligated to pay any of the fees or expenses provided for in this Agreement (other than, if already incurred, the notice costs addressed in Paragraph 7 of this Agreement); the conditional certification of the Settlement Class as provided for herein shall be vacated and be of no further force and effect; provided, however, that in the event that the Parties, within ten (10) business days of any such action of any court described above jointly elect to appeal from or otherwise seek to review or reconsideration of such court action, this Agreement shall not be deemed null and void until such time as such court action becomes final after any proceedings arising directly or indirectly from the Parties' appeal(s) or other attempt(s) to have such court action reversed, withdrawn, or overturned.

      **5.**      <u>**Effect of Certain Future Events on Stipulation.**</u>

        a.      If any action that would be barred from releases contemplated by this

Agreement is commenced, prosecuted, continued, or instigated, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties (as defined herein) in any Court prior to the Effective Date (as defined herein) and if a motion to dismiss such action is not granted, or a motion to stay such action is not granted in contemplation of dismissal after the Effective Date, then all or any of the Defendants, at its sole option, prior to the Effective Date, may withdraw from this Agreement; provided, however, that such Defendant has first given five (5) business days' notice to each of the counsel listed below so as to be received by such counsel the following day after notice is given. Within five (5) business days of receipt of such notice, counsel may attempt to cause dismissal of the action asserting any of the Released Claims (as defined herein). If counsel succeeded in obtaining dismissal of the action asserting the Released Claims (as defined herein) within the five (5) business day period, then any termination or cancellation by such Defendant shall be deemed a nullity. In order to constitute dismissal for the purposes of this paragraph, an appropriate notice of dismissal, or motion to stay such an action in contemplation of dismissal after the Effective Date, must have been filed with the proper court, and dismissal with prejudice, or an order granting a motion to stay such action in contemplation of dismissal after the Effective Date, must have been entered. This Agreement shall remain binding as to any Defendant not so withdrawing.

b.      If a Defendant elects to withdraw from this Agreement pursuant to this Paragraph 5, then (i) such Defendant and the Parties shall be restored to their respective positions as they existed immediately prior to execution of the Memorandum of Understanding, and this Agreement and all negotiations, transactions, and proceedings in connection herewith (including the Memorandum of Understanding) shall not be deemed

17

to prejudice in any way their respective positions, and the Action shall be deemed to revert to its status as of the date and time immediately prior to the execution of the Memorandum of Understanding; (ii) the provisions contained in this Agreement and all negotiations, discussions, and proceedings in connection with this Agreement (including the Memorandum of Understanding) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement; (iii) such Defendant shall not be obligated to pay any of the fees or expenses provided for in this Agreement (other than, if already incurred, the notice costs addressed in Paragraph 7 of this Agreement); and (iv) the conditional certification of the Settlement Class as provided herein shall be vacated and of no further force and effect with respect to such Defendant.

**6.** **Effective Date of Settlement.**

The Settlement contemplated by this Agreement shall be deemed effective, and the Parties and Class Members shall be definitively bound thereto, on the Effective Date.

**7.** **Notice and Claim Form.**

a. Defendants shall retain Tilghman to coordinate direct notice to certain Target customers who purchased Up & Up flushable toddler wipes from January 1, 2013 through October 31, 2014, maintain the Settlement Website, and otherwise administer the Settlement, as described in this Agreement.

b. Defendants shall retain Heffler to notify potential Class Members by

utilizing cross-device targeting on desktop and mobile to Target consumers with children ages six (6) to twelve (12) or those who follow Target's Facebook page, and a press release via PR Newswire. This program will be implemented for thirty (30) days.

c.      Defendants cannot directly identify all Target customers who purchased Up & Up flushable toddler wipes from April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014. Defendants can identify at least 53% of Target customers who purchased Up & Up flushable toddler wipes from January 1, 2013 through October 31, 2014.

d.      Within thirty (30) days from the date of the Order of Preliminary Approval, Tilghman will work with Target to send direct e-mail notice to Target customers who purchased Up & Up flushable toddler wipes from January 1, 2013 through October 31, 2014 for whom e-mail addresses are available. Such email notice will be sent in substantially the same form and content as the E-mail Summary Notice, attached as Exhibit B1. To the extent such e-mail notice is rejected or otherwise not able to be delivered, notice will be sent to those individuals for whom physical addresses are also available in substantially the same form and content as the Postcard Summary Notice, attached as Exhibit B3.

e.      Within thirty (30) days from the date of the Order of Preliminary Approval, Tilghman will work with Target to send direct notice to Target customers who purchased Up & Up flushable toddler wipes from January 1, 2013 through October 31, 2014 for whom only physical addresses are available. Such notice will be sent in substantially the same form and content as the Postcard Summary Notice, attached as Exhibit B3. To the extent a Postcard Summary Notice is returned as undeliverable, Tilghman will attempt to identify a new and/or correct address and if such an address can

19

be ascertained, send a Postcard Summary Notice to that address.

       f.      Within twenty-one (21) days from the date of the Order of Preliminary Approval, Tilghman shall establish the Settlement Website, which shall contain the Long Form Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions; a Contact Information page that includes the address for Tilghman and addresses and telephone numbers for Class Counsel and Defendants' Counsel; the Agreement; the signed Order of Preliminary Approval; a downloadable and online version of the Claim Form; a downloadable and online version of the form by which Class Members may exclude themselves from the Settlement Class; and (when they become available) the motion for final approval and Plaintiff's application(s) for Attorneys' Fees, Costs and an Incentive Award.

       g.      Within twenty-one (21) days from the date of the Order of Preliminary Approval, Tilghman shall establish and operate a toll-free telephone number which Class Members can contact with requests for information about the settlement. Class Members who request copies of the Long Form Notice will be sent copies by their choice of U.S. mail or email.

       h.      The Settlement Website shall remain accessible until one hundred eighty (180) days after all disbursements are made to Class Members.

       i.      The Parties shall supervise Heffler and Tilghman in the performance of the notice functions set forth in this Section 7.

       j.      As set forth in the Class Action Fairness Act of 2005 ("CAFA"), Defendant shall timely serve the requisite CAFA notices within ten (10) days of the filing of this Agreement with the Court. Prior to the Final Settlement Hearing, Defendants shall cause to be served on Plaintiff's counsel and filed with the Court, by affidavit or

declaration, proof of compliance with CAFA's notice provisions (28 U.S.C. § 1715(b)).

k.      At least fourteen (14) days prior to the Final Settlement Hearing, Defendants and Tilghman and/or Heffler shall certify to the Court that they have complied with the notice requirements set forth in this Section 7.

l.      Defendants shall be responsible for paying all costs of notice—including but not limited to as set forth in this Section 7—and all costs of Tilghman processing objections and exclusion requests—including but not limited to as set forth in Section 8.

**8.      Requests for Exclusion and Notice of Intent to Object.**

a.      Any Class Member seeking to be excluded from the Settlement Class must send a written request for exclusion to Tilghman, at an address designated in the Notice, and postmarked or received by Tilghman by the Claims Deadline, which date will be stated in the Notices.

b.      To be effective, a request for exclusion from the Settlement Class must include the Class Member's name and address, a clear an unequivocal statement that the Class Member wishes to be excluded from the Settlement Class, and the signature of the Class Member.

c.      Within seven (7) days after the Claims Deadline, Tilghman shall submit to Plaintiff's counsel and Defendants' counsel a report of the names and addresses of all Class Members who have timely and properly excluded themselves from the Settlement Class. Upon reasonable request of Plaintiff's counsel or Defendants' counsel, Tilghman shall make available for inspection and copying any exclusion requests received.

d.      Any Class Member who does not request exclusion from the Settlement Class may object to the Settlement by filing with the Court a written notice of intent to object, with a copy served on counsel for Plaintiff and counsel for Defendants. A notice

of intent to object must be filed with the Court no less than thirty (30) days before the Final Settlement Hearing, and must contain the following information:

      i.      The case name and case number(s) of this Action;

      ii.      The full name, address, telephone number, and signature of the objecting Class Member;

      iii.      The specific reasons for the Class Member's objections to the Settlement, and a detailed statement of the factual and legal basis for such objections; and

      iv.      Information identifying all witnesses, by name, address, and a summary of proposed testimony, who the objecting Class Member may call to testify at the Final Settlement Hearing, and describe and produce copies of all evidence such objecting Class Member may offer at the Final Settlement Hearing.

e.      Any Class Member who does not file a timely and properly supported notice of intent to object in accordance with this Agreement shall waive the right to object or to be heard at the Final Settlement Hearing and shall be forever barred from making any objection to the Settlement.

f.      The Parties will request that the Court, within its discretion, exercise its right to deem any objection as frivolous and award appropriate costs and fees to the Parties opposing such objection(s).

9.      **Claims Process and Determination of Eligibility for Compensation.**

a.      At the election of the Settlement Class Member, Claim Forms may be submitted in paper via first class mail or online at the Settlement Website. Claim Forms must be received by Tilghman (not just postmarked) or submitted online no later than the Claims Deadline. Any Class Member who fails to timely submit the Claim Form by the

deadline specified shall not be eligible to participate in the disbursement of compensation to Class Members. Tilghman may track Claim Forms with unique security identifiers or control numbers. For Claim Forms that are submitted online, the Class Member shall have the opportunity to upload Proof of Purchase image files (e.g. jpg, tif, pdf), to preview and confirm information entered in the Claim Form prior to submitting the claim, and to print a page immediately after the Claim Form has been submitted showing the information entered, the names of image files uploaded, and the date and time the Claim Form was received.

b.      The eligibility of a Class Member who timely submits a completed Claim Form to receive a disbursement of compensation under the Settlement may be subject to verification based on whether the claimant correctly identifies the Up & Up flushable toddler wipes at issue in the Action, when compared to Up & Up moist toilet tissue..

c.      The electronic and paper Claim Forms will require claimants to attest under penalty of perjury as to the fact of and number of units of Up & Up flushable toddler wipes purchased during the Class Period. Claimants will be further required to submit their contact information, including email addresses.

d.      Tilghman will review submitted Claim Forms to determine if they were timely and to determine Class Members' eligibility for compensation under this Agreement by examination of the Claim Form and any Proof of Purchase submitted by the Class Member.

e.      Within sixty (60) days after the Claims Deadline, Tilghman shall notify counsel for Plaintiff and counsel for Defendants in writing of those persons who have submitted claims that Tilghman has determined: (i) are untimely; or (ii) for whom information submitted by the Class Member demonstrates the claimant is ineligible for

compensation. Within thirty (30) days after such notice from Tilghman, counsel for Plaintiff and counsel for Defendants shall send written notice to the other, objecting to any individual claims determinations of Tilghman. Objections not submitted in that time period will be deemed waived. Upon receipt of timely objections by either Party to claims determinations by Tilghman, the Parties will attempt to resolve such objections. Any objections to claims determinations not resolved within thirty (30) days after notice of objection is provided shall be submitted in writing to the Court for final, binding, non-appealable determination. Provided, however, that any determination of the Court upholding eligibility of a claim shall not require payment contrary to the terms of Paragraph 10. Subject to the foregoing, the determination by Tilghman of any Class Member's eligibility for and the amount of compensation under this Agreement shall be final and shall not be subject to any further review or appeal.

f.    All persons who submit Claim Forms who are not within the Settlement Class will be notified in writing by Tilghman that they are not eligible to participate in the Settlement along with a brief statement of why they are ineligible.

g.    For each unit of Up & Up flushable toddler wipes purchased during the Class Period, a Class Member can opt to receive either a $1.35 Target gift card or a coupon for a free unit of current Up & Up wipes manufactured by Nice-Pak (double 48-count package or equivalent depending on wipes product).

h.    The number of units for which a Class Member can recover a Target gift card or a coupon for current product without Proof of Purchase shall be capped at 20 units. If the Class Member provides Proof of Purchase for any number of units purchased during the Class Period, there shall be no cap imposed on the Target gift card amount the Class Member is entitled to recover. If a Class Member who provides Proof of Purchase

chooses to receive a coupon for current product, the number of units for which that Class Member can receive a coupon shall be capped at 20 units. Recovery for any number of units in excess of 20 units for such a Class Member shall be in the form of a Target gift card in the amount of $1.35 per unit.

       i.     Tilghman shall maintain records of all Claims Forms and all determinations of eligibility for and amount of compensation payments to Class Members and shall make those records available for review upon the reasonable request of counsel for Plaintiff or counsel for Defendants. Tilghman shall retain all records of Claim Forms submitted, correspondence with Class Members, and Target gift cards and/or coupons issued for a minimum period of one (1) year after disbursements under this Agreement have been completed.

**10.**    <u>**Disbursements to Class Members.**</u>

       a.     Within forty-five (45) days of the Effective Date, Tilghman will coordinate with and assist Target in making the distribution of gift cards and/or coupons to eligible Class Members, as they have elected, as described in Paragraph 9. Tilghman will use its best efforts to complete and confirm distribution of gift cards and/or coupons within ninety (90) days.

       b.     Target shall send the gift cards and coupons via electronic mail to the Class Members at the electronic mail addresses as shown on their submitted Claim Forms. Class Members who select coupon compensation shall receive one coupon per unit of Up & Up flushable toddler wipes purchased during the Class Period, subject to the limitations set forth in Paragraph 9h. Class Members who select gift card compensation shall receive one gift card subject to the limitations set forth in Paragraph 9h. Tilghman shall monitor and confirm the distribution of gift cards and/or settlements to eligible

Class Members.

      c.    Within ninety (90) days after confirming all coupons and gift cards have been sent to eligible Class Members, Tilghman shall report in writing to counsel for Plaintiff and counsel for Defendants the total number and amounts of gift cards and coupons (1) issued to Class Members; and (2) returned as undeliverable.

      d.    Within ten (10) days of confirming all disbursements of the gift cards and coupons, Tilghman shall so report to counsel for Plaintiff and counsel for Defendants, and the Parties shall submit an agreed order to the Court in the form of Exhibit E, dismissing the Action with prejudice without costs or attorneys' fees (except such costs and fees as are awarded pursuant to this Agreement) as to all claims that were asserted or could have been asserted by Plaintiff and/or Class Members.

      e.    The gift cards shall not have an expiration date. The coupons shall remain valid for ninety (90) days after issuance.

**11.**    **<u>Attorneys' Fees, Costs, and Incentive Compensation.</u>**

      a.    Class Counsel shall apply to the Court for, and Defendants shall not object to, an award of attorneys' fees and reimbursement of expenses and costs in connection with the representation of the Settlement Class in this Action in an amount not to exceed One Million Six Hundred Fifteen Thousand Dollars ($1,615,000.00) ("Fee and Expense Amount").

      b.    Class Counsel shall apply to the Court for, and Defendants shall not object to, an Incentive Award to the Plaintiff in the amount of Ten Thousand Dollars ($10,000.00).

      c.    Class Counsel shall submit its application for the Fee and Expense Amount and Incentive Award not later than forty-five (45) days prior to the Final

Settlement Hearing.

      d.     Defendants shall pay the Court's award of the Fee and Expense Amount directly to counsel for Plaintiff within ten (10) business days of the following: (i) the Court entering the Settlement Order and Final Judgment that includes an award of attorneys' fees and/or expenses to Class Counsel, and (ii) Hassan Zavareei, Jonathan Tycko, and Stuart Scott have executed the Undertaking attached hereto as Exhibit F. If Final Approval or the award of attorneys' fees, costs or expenses is later reversed on appeal then, within seven (7) days of such order, Class Counsel shall repay to Defendants the amount received, plus interest as stated in the Undertaking. If Class Counsel fails to do so, Defendants may, *ex parte*, obtain a judgment for the amount owed plus interest, as further set forth in the Undertaking.

      e.     Defendants shall pay the Court's award of an Incentive Award to Plaintiff, as set forth in the Settlement Order and Final Judgment, directly to Plaintiff or send a check payable to Plaintiff to counsel for Plaintiff within ten (10) business days of the Effective Date.

      f.     Defendants shall have no responsibility for and shall have no liability whatsoever with respect to the allocation among counsel for Plaintiff and/or any other person who may assert a claim thereto, of the Fee and Expense Amount that the Court may award or that are paid by Defendants pursuant to this Agreement.

      g.     Notwithstanding anything else contained in this Agreement, no fees or expenses may otherwise be payable pursuant to this Agreement shall or paid prior to, or in the absence of entry of the Final Judgment by the Court approving the Fee and Expense Amount, or similar judgment and/or order approving Plaintiff's counsel's fees and costs.

h.      The entry of the Final Judgment shall not divest the Court of jurisdiction over the amount of fees and expenses to be paid to Plaintiff's Counsel.

**12.      Settlement Administration Costs.**

a.      Defendants shall be responsible for all costs of Heffler and Tilghman as described in this Agreement, including evaluating Claim Forms and the confirmation of gift card and coupon disbursements described in Paragraph 9e.

b.      Upon request, Tilghman shall timely report to counsel for Plaintiff and counsel for Defendants of the actions it has taken in connection with the administration of this Settlement. The Parties, counsel for Plaintiff, and counsel for Defendant shall in good faith cooperate in the implementation of the Settlement and this Agreement.

**13.      Release and Covenant Not to Sue.**

a.      Upon entry by the Court of the Settlement Order and Final Judgment in this Action, Plaintiff and all Class Members who have not timely and properly excluded themselves, regardless of whether such Class Members have claimed or obtained benefits hereunder, on behalf of each of their successors and assigns, shall release and forever discharge Defendants from any and all claims, lawsuits, rights, counts, causes of action, damages, judgments, executions, attachments, debts, liabilities, and obligations of every kind and nature, known and unknown, that they ever had, now have, or hereafter assert, in law or equity, class or individual, that were asserted or could have been asserted by Plaintiff in this Action against Defendants, for any injuries or damages relating to or arising out of the facts alleged in the Action, including but not limited to: (1) any and all claims relating to the design, manufacture, distribution, and sale of Up & Up flushable toddler wipes during the Class Period; (2) any and all claims relating to the warranties, advertisements, representations, and warnings relating to the flushability of Up & Up

28

flushable toddler wipes during the Class Period; and (3) any and all claims to attorneys' fees and/or expenses in connection with the prosecution of this Action, except for the amount set forth in and awarded pursuant to Paragraph 11 ("Released Claims").

b.     The Court determined that Plaintiff failed to provide sufficient evidence to prove Up & Up flushable toddler wipes caused his alleged property damage and further found that the price premium theory was the only appropriate measure of damages for which the class could potentially recover. As a result, the Parties agree and stipulate that a Class Member's individual claim for property damage and/or personal injury arising out of the use of Up & Up flushable toddler wipes during the Class Period is outside the scope of the Released Claims set forth in Paragraph 13a.

c.     Effective upon the entry by the Court of the Settlement Order and Final Judgment in this Action, all Class Members who have not timely or properly excluded themselves hereby covenant not to sue Defendants in respect to any of the Released Claims identified in Paragraph 13a (subject to the limitation in Paragraph 13b) and agree not to file, institute, maintain, collect, proceed against, or seek to establish liability against Defendants in any federal, state, or local court of forum, in or before any administrative agency, or in any other proceeding, based upon, arising out of, or relating to, in whole or in party, the Released Claims identified in Paragraph 13a.

d.     Plaintiff, for himself and the Settlement Class, accepts and assumes the risk that if any fact or circumstance found, suspected, or claimed hereafter to be other than or different from the facts or circumstances now believed to exist, the release and covenant not to sue set forth in Paragraph 13a shall remain effective notwithstanding any such difference in any such facts or circumstances.

e.     Effective upon entry by the Court of the Settlement Order and Final

Judgment, all claims of Plaintiff and of all Class Members, except for those who have timely and properly excluded themselves, shall be dismissed with prejudice and without costs, provided, however, that the Court shall retain jurisdiction over the interpretation, enforcement, and implementation of this Agreement and the Settlement.

f.      Plaintiff agrees that Defendants have offered consideration for the Released Claims by Class Members who do not opt out, regardless of whether Class Members file Claim Forms, are eligible for compensation, or receive the gift cards and coupons described in Paragraph 9.

g.      This Settlement reflects, among other things, the compromise and settlement of disputed claims, and neither the Settlement nor the releases given herein, nor any consideration therefore, nor any actions taken to carry out this Settlement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or of any point of fact or law. Defendants deny the allegations of the Complaint and Amended Complaint filed in this Action.

14.    **<u>Stay of Proceedings.</u>**

a.      Pending entry of the Preliminary Approval Order and the entry of the Final Judgment, the Parties agree to stay all proceedings in the Action, except those incident to the Settlement itself.

b.      The Parties agree to use their best efforts to prevent, stay, or seek dismissal of, or to oppose entry of any interim or final relief in favor of, any claim by any member of the Settlement Class in any other litigation that would be barred by the releases contemplated by this Agreement, and any other litigation against any of the Parties challenging the Settlement, or that otherwise involves, directly or indirectly, a Released Claim.

15.    **Miscellaneous Provisions**

a.    The Parties and the Parties' counsel shall use their best efforts to secure Preliminary Approval of this Settlement as promptly as possible, to take all steps necessary to effectuate this Settlement, and to obtain Final Approval.

b.    This Agreement was entered into only for purposes of compromise and settlement and is not an admission of liability by Defendants. In the event that Final Approval is for any reason not ordered, then no terms or condition of this Settlement shall have any effect, nor shall any such matter be admissible in evidence for any purpose in this action or in any other proceeding.

c.    This Agreement is intended to and shall be governed by the laws of the State of Ohio.

d.    The terms and conditions set forth in this Agreement, including all attached exhibits, constitute the complete and exclusive agreement between the Parties relating to the subject matter of this Settlement, superseding all previous negotiations, representations, and understandings, and may not be contradicted or supplemented by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement and all attached exhibits constitute the complete and exclusive statement of its terms as between the Parties and that no extrinsic evidence whatsoever may be introduced in any judicial proceeding involving this Settlement. Prior or contemporaneous representations not contained in this Agreement shall be of no force or effect. Any modification of this Agreement must be in writing signed by or on behalf of counsel for Plaintiff and counsel for Defendants.

e.    The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all

Parties and their counsel. No terms or provisions of this Agreement shall be construed against any Party on the basis that such Party or its counsel drafted this Agreement.

       f.      The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision of this Agreement.

       g.     This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

       h.     As used herein, the plural of any defined term includes the singular thereof, and the singular of any defined term includes the plural thereof as the context may require.

       i.      The headings in this Agreement are solely for the convenience of the Parties, their counsel, and the Court. The headings shall not be deemed to be a part of this Stipulation and shall not be considered in construing or interpreting this Agreement.

       j.      The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement and the Settlement.

       k.     Any disputes concerning this Settlement Agreement or its implementation and enforcement, if they cannot be resolved by the Parties, shall be submitted to the United States District Court for the Northern District of Ohio.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the first date it has been executed by all of the undersigned.

**APPROVED AS TO FORM:**

DATED: _____ , 2018        SPANGENBERG, SHIBLEY & LIBER LLP


_____
Stuart A. Scott
Dennis R. Lansdowne
Attorneys for Plaintiffs


DATED: _March 27_____ , 2018        TYCKO AND ZAVAREEI LLP


_____        _____
Hassan A. Zavareei, Esq.
Andrew J. Silver, Esq.
Attorneys for Plaintiff


DATED: _____ , 2018        TUCKER ELLIS LLP


_____
John Q. Lewis
Karl A. Bekeny
Dustin B. Rawlin
Jennifer L. Mesko
Michael J. Ruttinger
Attorneys for Defendants


**APPROVED AND AGREED**

DATED: _March 26___ , 2018        CHRISTOPHER META


_____
Christopher Meta


33

**APPROVED AS TO FORM:**

DATED: _____, 2018          SPANGENBERG, SHIBLEY & LIBER LLP


_____

Stuart E. Scott
Dennis R. Lansdowne
Attorneys for Plaintiffs

DATED: _____, 2018          TYCKO AND ZAVAREEI LLP


_____

Hassan A. Zavareei, Esq.
Andrew J. Silver, Esq.
Attorneys for Plaintiff

DATED: *March,* 28 _____, 2018          TUCKER ELLIS LLP


_____

John Q. Lewis
Karl A. Bekeny
Dustin B. Rawlin
Jennifer L. Mesko
Michael J. Ruttinger
Attorneys for Defendants

**APPROVED AND AGREED**

DATED: _____, 2018          CHRISTOPHER META


_____

Christopher Meta

33

DATED: March 27 , 2018        NICE-PAK PRODUCTS, INC.

By: _____

Name: Joseph J. Bozzuti, Jr.

Its: Associate General Counsel & Assistant Secretary

DATED: _____, 2018        TARGET CORP.

By: _____

Name: _____

Its: _____

34

DATED: _____, 2018    TYCKO AND ZAVAREEI LLP

_____
Hassan A. Zavareei, Esq.
Andrew J. Silver, Esq.
Attorneys for Plaintiff

DATED: _____, 2018    TUCKER ELLIS LLP

_____
John Q. Lewis
Karl A. Bekeny
Dustin B. Rawlin
Jennifer L. Mesko
Michael J. Ruttinger
Attorneys for Defendants

**APPROVED AND AGREED**

DATED: _____, 2018    CHRISTOPHER META

_____
Christopher Meta

DATED: _____, 2018    NICE-PAK PRODUCTS, INC.

By:_____

Name:_____

Its:_____

DATED: **March 28**, 2018    TARGET CORP.

33

By: _____

Name: _____ Carter J. Lenty

Its: _____ Vice President, Law

34

# EXHIBIT A1

**TARGET CORP.**
**CLASS ACTION SETTLEMENT**
**PROOF OF CLAIM FORM**

**TO RECEIVE A TARGET GIFT CARD OR COUPONS FOR UNITS OF CURRENT UP & UP WIPES MANUFACTURED BY NICE-PAK FROM THE SETTLEMENT, YOU MUST COMPLETE THIS CLAIM FORM AND SUBMIT IT BY _____, 2018 AND IT MUST BE VALIDATED.**

IMPORTANT NOTE: You may submit this claim form online or by mail, but you must complete and return this claim form by _____, 2018 in order to receive a Target gift card or coupons.

Name:  _____

Address: _____

Address: _____

City, State Zip:  _____

Email address: _____

Indicate below whether you wish to receive a Target gift card or Target Coupons for units of current Up & Up wipes manufactured by Nice-Pak (double 48-count package or equivalent depending on wipes product):

_____    Target gift card; *OR*

_____    Target Coupons For Purchase of current Up & Up Wipes

(If you mark both you will receive a gift card)

If you opt to receive a gift card but do not have a proof of purchase, you will be limited to a gift card for no more than 20 units ($1.35 X 20 = $27.00).

If you opt to receive Coupons but do not have a proof of purchase, you can receive up to 20 Coupons for free units of current Up & Up wipes manufactured by Nice-Pak (double 48-count package or equivalent depending on wipes product).

If you opt to receive a gift card, and you have proof of purchase, you are entitled to a gift card in the amount $1.35 per unit purchased without limitation on the number of units.

Proof of purchase means an itemized retail sales receipt showing, at a minimum, the purchase of Up & Up flushable toddler wipes, the purchase price, and the date and place of the purchase. To submit your proof of purchase for claims of over 20 units, you may upload images using your computer or mobile phone if completing this claim for electronically, or you may mail photocopies to the address below if submitting via mail.

3677674.1

If you have proof of purchase for more than 20 units and opt to receive Coupons you will receive 20 Coupons and a Gift Card for $1.35 for each unit above 20. For example, if you have proof of purchase for 30 units and opt to receive Coupons you will receive 20 Coupons for free units and a gift card in the amount of $13.50.

Below are photographs of two packages of Up & Up flushable wipes. Please indicate with a check mark which product you purchased. If you purchased the package pictured in the first picture (toddler wipes—pictured on left) you are eligible for compensation in the form of Coupons or a Gift Card. If you are so eligible, please indicate the number of units of the product you purchased beneath your check mark.





_____                                        _____

Unit(s) Purchased _____

I attest under penalty of perjury that, to the best of my knowledge, I purchased the number of units of the product as stated above between April 18, 2010 and October 31, 2014. I further agree that I will not object to a request by the Settlement Administrator or the parties to this action to contact me if necessary to verify my claim.

Signature _____  Date: _____

***Please complete the Claim Form above and return it by one of the following methods:***

   1.  Online by visiting www.upandupwipessettlement.com and completing an online claim form no later than midnight, U.S. Eastern Time, on _____, 2018; OR

   2.  By mailing a completed and signed Claim Form to the Settlement Administrator, postmarked no later than _____, 2018, and addressed to:

      Target Settlement Administrator
      PO Box 11486
      Birmingham, AL 35202-1486

For more information, please visit www.upandupwipessettlement.com or contact the Settlement Administrator at (888) 878-1989.

# EXHIBIT A2

**TARGET CORP.**
**CLASS ACTION SETTLEMENT**
<u>**PROOF OF CLAIM FORM**</u>

**TO RECEIVE A TARGET GIFT CARD OR COUPONS FOR UNITS OF CURRENT UP &
UP WIPES MANUFACTURED BY NICE-PAK FROM THE SETTLEMENT, YOU MUST
COMPLETE THIS CLAIM FORM AND SUBMIT IT BY _____, 2018 AND IT
MUST BE VALIDATED.**

IMPORTANT NOTE: You may submit this claim form online or by mail, but you must
complete and return this claim form by _____, 2018 in order to receive a Target gift
card or coupons.

Unique ID _____   (You received this if you were sent an email or postcard about the
settlement, but it is not necessary to submit with your claim. Click here if
you have questions.) (by clicking "click here" will be taken to Unique ID
page)

Name:   _____

Address: _____

Address: _____

City, State Zip: _____

Email address: _____

Indicate below whether you wish to receive a Target gift card or Target Coupons for units of current
Up & Up wipes manufactured by Nice-Pak (double 48-count package or equivalent depending on
wipes product):

_____   Target gift card; *OR*

_____   Target Coupons For Purchase of current Up & Up Wipes

(If you mark both you will receive a gift card)

If you opt to receive a gift card but do not have a proof of purchase, you will be limited to a gift
card for no more than 20 units ($1.35 X 20 = $27.00).

If you opt to receive Coupons but do not have a proof of purchase, you can receive up to 20
Coupons for free units of current Up & Up wipes manufactured by Nice-Pak (double 48-count
package or equivalent depending on wipes product).

If you opt to receive a gift card, and you have proof of purchase, you are entitled to a gift card in the
amount $1.35 per unit purchased without limitation on the number of units.

Proof of purchase means an itemized retail sales receipt showing, at a minimum, the purchase of Up & Up flushable toddler wipes, the purchase price, and the date and place of the purchase. To submit your proof of purchase for claims of over 20 units, you may upload images using your computer or mobile phone if completing this claim for electronically, or you may mail photocopies to the address below if submitting via mail.

If you have proof of purchase for more than 20 units and opt to receive Coupons you will receive 20 Coupons and a Gift Card for $1.35 for each unit above 20. For example, if you have proof of purchase for 30 units and opt to receive Coupons you will receive 20 Coupons for free units and a gift card in the amount of $13.50.

Below are photographs of two packages of Up & Up flushable wipes. Please indicate with a check mark which product you purchased. If you purchased the package pictured in the first picture (toddler wipes—pictured on left) you are eligible for compensation in the form of Coupons or a Gift Card. If you are so eligible, please indicate the number of units of the product you purchased beneath your check mark.




_____                    _____

Unit(s) Purchased _____

I attest under penalty of perjury that, to the best of my knowledge, I purchased the number of units of the product as stated above between April 18, 2010 and October 31, 2014. I further agree that I will not object to a request by the Settlement Administrator or the parties to this action to contact me if necessary to verify my claim.

Signature _____

Proof of Purchases (not required for claims of 20 units or less) (upload)

If you prefer to submit a claim via mail, click here [link to printable claim form] for a printable claim form, which must be completed and sent to the Settlement Administrator, postmarked no later than _____, 2018, and addressed to:

3677674.1

Target Settlement Administrator
PO Box 11486
Birmingham, AL 35202

You may contact the Settlement Administrator at (888) 878-1989 if you have questions.

# EXHIBIT B1

[Subject Line:]
Important notice about an item you've purchased.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

# SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

Class Member ID: <<Refnum>>

Target has agreed to a proposed settlement of a class action lawsuit called *Christopher Meta v. Target Corp, et al*. Case No. 4:14-CV-0832 in the U.S. District Court ND Ohio, relating to a product you may have purchased.  The lawsuit claims that certain Up & Up flushable toddler wipes were not flushable. Target denies these claims, and the court has not decided who is right or who is wrong. Instead the parties have agreed to settle this case to resolve the matter.

Target customers who purchased Up & Up flushable toddler wipes during the class period may submit a claim and may receive benefits from the settlement.

## Who's Included?

You are a member of the Settlement class if you reside in the United States and bought Up & Up Flushable Toddler Wipes at any Target Store nationwide from April 18, 2010 through October 31, 2014. The wipes involved in this settlement were under the "Buckeye" product line, which was discontinued on October 31, 2014.

## What does the Settlement provide?

Eligible Class Members who file a valid claim **without** a proof of purchase may be eligible to receive a gift card or coupon for a capped amount based on amounts purchased.  The cap for the gift cards is no more than 20 units at $1.35 per unit (up to $27). The cap for coupons is 20. Eligible Class Members who file a valid claim **with a proof of purchase** may be eligible to receive gift cards or coupons for Up & Up Wipes packs, based on the amount purchased, with no cap. If you have proof of purchase for more than 20 units you may receive either a gift card for $1.35 per unit, or 20 coupons for the first 20 purchases and a gift card in the amount of $1.35 for each additional purchase. Please visit www.upandupwipessettlement.com for complete details.

## What are my rights?

**File a claim.** This is the only way to receive a gift card or coupon**.** You must file a claim form, online or by mail, no later than Month Day, Year. **Do Nothing**.  You will not receive a payment and you will be bound by the decisions of the Court. **Opt Out.** You may opt-out of the settlement. You will not receive settlement benefits, but you will retain your right to sue

regarding these claims.  You must opt out by Month Day, Year**. Object.** If you do not agree with the terms of the Settlement, you may file an objection with the Court. You must file an Objection by Month Day, Year.

The Court will hold a final hearing on Month Day, Year at 2018 at __.m., at the United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, to consider whether to approve the settlement and a request for attorneys' fees, costs, and expenses to be paid by the settlement.
The motion for the fees, costs, and expenses will be posted on the settlement website after they are filed.  You may attend this hearing, but you do not have to.

**This is only a summary. For more information, or to file a claim,** visit the settlement website, www.upandupwipessettlement.com, or call the Settlement Administrator at 1-888-878-1989.

# EXHIBIT B2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER META, | ) | |
| Plaintiff, | ) | CASE NO. 4:14-CV-0832 |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| TARGET CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY

      A COURT ORDERED THIS NOTICE TO BE POSTED. YOU MAY BE ELIGIBLE FOR BENEFITS FROM THE PROPOSED SETTLEMENT OF A CLASS ACTION FILED ON YOUR BEHALF. YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT. READ THIS NOTICE CAREFULLY.

      YOU MUST RESPOND TO THIS NOTICE BY SUBMITTING A CLAIM FORM IN ORDER TO RECEIVE COMPENSATION. IF YOU DO NOT WANT TO BE PART OF THE SETTLEMENT, YOU MUST TAKE THE STEPS DESCRIBED IN THIS NOTICE BY _____, 2018. OTHERWISE, YOU MAY BE BOUND BY ALL OF THE TERMS OF THE PROPOSED SETTLEMENT.

## WHAT THIS CASE IS ABOUT

      This is a proposed settlement of a class action lawsuit brought in the United States District Court for the Northern District of Ohio (the "Court") against Target Corporation and Nice-Pak Products, Inc. A class action is a lawsuit in which one or more persons sue on behalf of others who have similar claims. The Members of this group are called the Class. The lawsuit is about Plaintiff's claims alleging that certain Up & Up flushable toddler wipes sold from April 18, 2010 through October 31, 2014 were not "flushable." Target and Nice-Pak deny Plaintiff's claims and contend that the Up & Up flushable toddler wipes at issue were in fact "flushable."

      Plaintiff, Target and Nice-Pak have concluded that settlement is in their best interests because of the uncertainty, expenses, risks, and delays of litigation. The parties have reached a proposed settlement entitling eligible Class Members who timely submit a Claim form to receive a Target gift card and/or a Target coupon for a free package(s) of certain Up & Up wipes products, if the Court approves the settlement. After taking into account the risks and costs of further litigation, Plaintiff and his counsel believe that the terms and conditions of the settlement are fair, reasonable, adequate, and equitable, and that the settlement is in the best interest of the Settlement Class members. The Court in charge of this case still has to decide whether to

approve the settlement. Payments will be made if the Court approves the settlement. If there are appeals, payment will not be made until the appeals are resolved and the settlement becomes effective. Please be patient.

The Court has preliminarily approved the settlement as within the range of fair, reasonable, and adequate settlement. On _____, 2018, at __.m., at the United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, the Court will hold a Final Settlement Hearing to decide whether to issue final approval of the settlement. The hearing will be held in the courtroom of the Honorable Donald C. Nugent, which is Courtroom 15A. This hearing date may change without further notice to you. Consult the Settlement Website at www.upandupwipessettlement.com, or the Court docket in this case available through PACER (www.pacer.gov), for updated information on the hearing date and time.

The Court has certified a Class for settlement purposes. Members of the Class include:

> All persons residing in the United States who purchased Up & Up flushable toddler wipes from April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014. The Class specifically excludes purchasers of Nice-Pak's "Sigma" formulation and subsequent product formulations of Up & Up flushable toddler wipes.

## THE PROPOSED SETTLEMENT

If you are a Class Member and the settlement is approved and you timely submit a Claim form, you may be entitled to receive a Target gift card or a Target coupon for a free package(s) of certain Up & Up wipes products. The settlement allows eligible Class Member who timely submit claims to elect their recovery. For each unit of Up & Up flushable toddler wipes purchased from April 18, 2010 through October 31, 2014, a Class Member can opt to receive either a $1.35 Target gift card or a coupon for a unit of current Up & Up wipes manufactured by Nice-Pak (double 48-count package or equivalent depending on wipes product). The number of units for which a Class Member can recover a Target gift card or a coupon for current product shall be capped at 20 units. If the Class Member provides proof of purchase for any number of units purchased during the Class period, there shall be no cap imposed on the gift card amount the Class Member is entitled to recover. If a Class Member who provides proof of purchase chooses to receive a coupon for current product, the number of units for which that Class Member can receive a coupon shall be capped at 20 units. Recovery for any number of units in excess of 20 units for such a Class Member shall be in the form of a gift card in the amount of $1.35 per unit. More information, including a copy of the Settlement Agreement, is available at www.upandupwipessettlement.com. You may also view the settlement agreement and other documents in this case on file with the Clerk of Court, United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113.

Plaintiff will apply to the Court for an award of attorneys' fees and expenses not to exceed a total of $1,615,000.00 on behalf of the counsel who have represented Plaintiff and the Class in this class action. In addition, the named Plaintiff in this case may apply to the Court

for a class representative payment award of up to $10,000. This payment is designed to compensate the named Plaintiff for the time, effort, and risks he undertook in pursuing this litigation

## RELEASE

The settlement releases all claims by Class Members against Target and Nice-Pak that were or could have been asserted by Plaintiff in this litigation, and that relate to the flushability or the safety for sewer and septic of the "Buckeye" formulation of Up & Up flushable toddler wipes, or to statements concerning the flushability or the safety for sewer and septic of the "Buckeye" formulation of Up & Up flushable toddler wipes. This release includes claims that may not yet be known or suspected. However, there is **no** release of claims for personal injury or property damage arising out of the use of the "Buckeye" formulation of Up & Up flushable toddler wipes from April 18, 2010 through October 31, 2014. For further information, please see Section 13 of the Settlement Agreement.

## RIGHT TO REMAIN IN THE CLASS OR OPT OUT

Class Members may ask for a payment, exclude themselves from the settlement, object to it, ask to speak at the Fairness Hearing, or do nothing.

1. **To make a claim for payment:**

To remain in the settlement and receive a payment, you must submit the Claim form no later than _____, 2018. **If your Claim form is not submitted by _____, 2018, you will not receive payment**. An online Claim form is available at www.upandupwipessettlement.com and can be submitted electronically there, or a paper claim form can be printed and submitted by mail. To receive a hard copy of the Claim form by mail, please call (888) 878-1989 to request one. If you remain in the Class, your interests will be represented by class counsel without additional cost, and you will be bound by all orders and judgments entered by the Court, whether favorable or unfavorable to the Class.

If the Court approves the proposed settlement and you do not timely request to be excluded from the Class, you will release (give up) all claims against Target and Nice-Pak relating to this lawsuit, except your right to receive a settlement payment, if eligible. For further information, please see Section 13 of the Settlement Agreement.

2. **To opt-out:**

You can exclude yourself from the Class if you wish to retain the right to sue Target or Nice-Pak separately for the claims released by the settlement. If you exclude yourself, you cannot file a claim or object to the settlement. You need **not** exclude yourself if you merely want to retain the right to sue for personal injury or property damage arising out of your use of the "Buckeye" formulation of Up & Up flushable toddler wipes. If you do not want to be in the Class you must mail written notice of your intent to exclude yourself from the class to the address set forth below so that it is postmarked by _____, 2018. If you timely exclude yourself, you will not receive any benefit available under the proposed settlement and you will not be bound by any orders or judgments entered in this case. To be excluded, your written

notice must state "I request to be excluded from the *Meta v. Target Corporation and Nice-Pak, Inc.* settlement class." Your written notice also must contain your name and address, and must be signed and dated by you. Your written notice to be excluded from the Class must be signed by the Class Member, and not by anyone else as a representative of a Class Member (unless the Class Member is deceased or incapacitated). Failure to comply with any of these requirements may result in your written notice to be excluded from the Class being invalid. If you wish to exclude yourself from the class, mail written notice of your request for exclusion to the following address:

Target Settlement Administrator
P.O. Box 11486
Birmingham, AL 35202-1486

## CLASS COUNSEL

The Court has designated the following attorneys to represent the Class in this lawsuit:

| | |
|---|---|
| Dennis R. Lansdowne | Hassan Zavareei |
| Stuart E. Scott | Andrew J. Silver |
| SPANGENBERG, SHIBLEY & LIBER LLP | TYCKO & ZAVAREEI LLP |
| 1001 Lakeside Avenue East, Suite 1700 | 1828 L Street, N.W., Suite 1000 |
| Cleveland, Ohio 44114 | Washington, D.C. 20036 |
| Phone: (216) 600-0114 | Phone: (202) 973-0900 |

You will not be separately charged for the services of counsel representing the Class in this lawsuit. You have the right (but do not need) to retain your own attorney in this matter, but if you do, you will be responsible for paying your own attorneys' fees and expenses.

## YOUR RIGHT TO APPEAR AND OBJECT TO THE SETTLEMENT

Unless you request to be excluded from the Class, you may file a Notice of Intent to Object to any aspect of the proposed settlement or the application by Plaintiff's counsel for attorneys' fees, but you will be bound by the orders and judgments entered in this case, even if the Court does not agree with your objections. In order to object, you must timely send a written Notice of Intent to Object that includes (i) the case name and case number of this Action; (ii) the specific reasons for your objection(s), as well as a detailed statement of the factual and legal reasons you have for each objection; (iii) any evidence you may present at the Final Settlement Hearing in support of your objection(s), including the names and addresses of witnesses and a summary of their proposed testimony, and copies of any written evidence; (iv) the name and address of the lawyer(s), if any, who are representing you in making the objection or who may be entitled to compensation in connection with your objection; (v) documents or testimony sufficient to establish that you are a member of the Class; (vi) a detailed list of any other objections you or your counsel have submitted to any class action in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); (iii) your full name, address, telephone number, and signature, and, if an attorney is representing you with the objection, the signature of your attorney; and (iv) whether you and/or your counsel intend to appear at the Hearing.

4

In order to be effective, the Notice of Intent to Object must be filed with the Court by
_____, 2018, and copies sent to the following addresses, postmarked by _____, 2018:

| | | |
|---|---|---|
| Clerk of Courts | Spangenberg, Shibley & Liber | Tucker Ellis LLP |
| Carl B. Stokes U.S. Court | LLP | Attn: Karl A. Bekeny |
| House | Attn: Stuart E. Scott | 950 Main Avenue, |
| 801 West Superior Avenue | 1001 Lakeside Avenue East, | Suite 1100 |
| Cleveland, Ohio 44113 | Suite 1700 | Cleveland, Ohio 44113 |
| | Cleveland, Ohio 44114 | |
| | | |
| | Plaintiff's Counsel | Defendants' Counsel |

The Court will not entertain objections, nor allow appearances at the Final Settlement
Hearing, unless you comply with the requirements and deadlines for a Notice of Intent to Object
set forth above. The Court will not consider any objections filed after _____, 2018. Late
objections will be deemed to have been waived. Any judgment entered in this lawsuit will
include and be binding on all Class Members who have not timely requested exclusion from the
Class, even if they object to the proposed settlement. By filing an objection, you consent to the
jurisdiction of the Court, including to any order of the Court to produce documents or provide
testimony prior to the Final Fairness Hearing. If you object to the settlement but still want to
submit a claim in the event the Court approves the settlement, you must still submit a timely
claim according to the instructions described above.

## ADDITIONAL INFORMATION

This Notice is only a summary of the litigation and the proposed settlement, which is set
forth in detail in a Settlement Agreement, which you may view online at
www.upandupwipessettlement.com. For more details about the litigation and the proposed
settlement, you may view the pleadings, Settlement Agreement, and other documents on file in
this case during the business hours at the Clerk of Courts United States District Court for the
Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue,
Cleveland, Ohio 44113.

If you have any questions about the settlement, visit www.upandupwipessettlement.com, call
(888) 878-1989, or contact Plaintiffs' counsel listed above.

**PLEASE DO NOT CALL THE COURT, CLERK OF COURT, TARGET
CORPORATION, NICE-PAK PRODUCTS, INC., OR COUNSEL FOR TARGET
CORPORATION AND NICE-PAK PRODUCTS, INC. REGARDING THIS MATTER.**

Dated: _____, 2018

_____

The Honorable Donald C. Nugent
United States District Court for the Northern
District of Ohio

# EXHIBIT B3

Case Name Settlement
P.O. Box xxxxx
City, State xxxxx-xxxx

POSTAGE

**Target Up & Up
Flushable Toddler
Wipes Settlement**

*Summary Notice
of Proposed Class
Action Settlement*

FirstName LastName
Address1
Address2
City, ST Zip

Target has agreed to a proposed settlement of a class action lawsuit called *Christopher Meta v. Target Corp, et al*. Case No. 4:14-CV-0832 in the U.S. District Court ND Ohio, relating to a product you may have purchased. The lawsuit claims that certain Up & Up flushable toddler wipes were not flushable. Target denies these claims, and the court has not decided who is right or who is wrong. Instead the parties have agreed to settle this case to resolve the matter.

Target customers who purchased Up & Up flushable toddler wipes during the class period may submit a claim and may receive benefits from the settlement.

### Who's Included?

You are a member of the Settlement class if you reside in the United States and bought Up & Up Flushable Toddler Wipes at any Target Store nationwide from April 18, 2010 through October 31, 2014. The wipes involved in this settlement were under the "Buckeye" product line, which was discontinued on October 31, 2014.

### What does the Settlement provide?

Eligible Class Members who file a valid claim *with a proof of purchase* may be eligible to receive gift cards or coupons for Up & Up Wipes packs, based on the amount purchased. Eligible Class Members who file a valid claim *without* a proof of purchase may be eligible to receive a gift card or coupon for a capped amount based on amounts purchased.

### What are my rights?

**File a claim.** This is the only way to receive a gift card or coupon**.** You must file a claim form, online or by mail, no later than Month Day, Year. Claim forms can be submitted electronically on www.website.com, or via mail. Printable forms can be obtained on the website or by calling [PHONE NUMBER]. **Do Nothing**. You will not receive a payment and you will be bound by the decisions of the Court. **Opt Out.** You may opt-out of the settlement. You will not receive settlement benefits, but you will retain your right to sue regarding these claims. You must opt out by Month Day, Year**. Object.** If you do not agree with the terms of the Settlement, you may file an objection with the Court. You must file an Objection by Month Day, Year.

The Court will hold a final hearing on Month Day, Year at 2018 at _.m., at the United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, to consider whether to approve the settlement and a request for attorneys' fees, costs, and expenses to be paid by the settlement.

The motion for the fees, costs, and expenses will be posted on the settlement website after they are filed. You may attend this hearing, but you do not have to.

**This is only a summary. For more information, or to file a claim,** visit the settlement website, www.url.com, or call the Settlement Administrator at 1-000-000-0000.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER META, | ) | |
| Plaintiff, | ) | CASE NO. 4:14-CV-0832 |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| TARGET CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AGREED ENTRY AND ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING NOTICE TO CLASS MEMBERS, AND SCHEDULING SETTLEMENT APPROVAL HEARING**

Plaintiff and Defendants, having made a joint motion for preliminary approval of a Stipulation and Agreement of Settlement dated March 28, 2018 (the "Agreement") between Plaintiff, individually and on behalf of a Settlement Class (as defined in the Agreement) and Defendants Target Corporation and Nice-Pak Products, Inc., and the Court having read and considered the Agreement:

IT IS ORDERED that:

1.      Unless otherwise specified, terms herein shall be as defined in the Agreement.

2.      For settlement purposes only and contingent upon Final Approval of the Agreement, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are met and provisionally certifies the following Settlement Class, as defined as follows:

> All persons residing in the United States who purchased Up & Up flushable toddler wipes from April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014. The Class specifically excludes purchasers of Nice-Pak's "Sigma" formulation and subsequent product formulations of Up & Up flushable toddler wipes.

3.     The Court approves, for the purpose of settlement only, the Parties' stipulation to expand the previously-certified class to include all persons residing in the United States who purchased Up & Up flushable toddler wipes from April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014.

4.     For the purposes of preliminary approval, the Court finds that the provisional certification of the Settlement Class is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the Members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiff's claims are typical of the claims of the Settlement Class Members; and (4) Plaintiff's and Plaintiff's Counsel will fairly and adequately represent the interests of the Settlement Class Members.

5.     For purposes of preliminary approval, the Court finds that the provisional certification of the Settlement Class is warranted in light of the proposed Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues predominate over any questions affecting only individual Members of the Settlement Class, and settlement of this Action on a class basis is superior to other means of resolving the Action.

6.     The Court acknowledges that choice-of-law issues may impact efforts to certify a nationwide litigation class, but finds that the state law variances in implied warranty of merchantability statutes do not impact the certification of a nationwide settlement class and do not present insuperable obstacles to the proposed Settlement.

7.     The Court hereby appoints Plaintiff Christopher Meta as the Settlement Class Representative. The Court preliminarily finds that the Settlement Class Representative

will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representative are consistent with those of the Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representative and the other Settlement Class Members; (3) the Settlement Class Representative has been and appears to be capable of continuing to be an active participant in the prosecution and settlement of this litigation; and (4) the Settlement Class Representative and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases.

8.      In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

9.      The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met and the Court appoints Stuart Scott and Dennis Landsdowne from the law firm of Spangenberg Shibley & Liber LLP and Hassan Zavareei and Andrew Silver from the law firm of Tycko & Zavareei LLP as Settlement Class Counsel for the Settlement Class.

10.     The Court finds that the manner, method, and content of the notice specified in the Agreement will provide the best notice practicable to the Members of the Settlement Class and satisfies the requirements of Rule 23 and due process requirements of the United States Constitution. Target and Tilghman shall cause the E-mail Summary Notice

and Postcard Summary Notice to be sent no later than thirty (30) days after the entry of this Order, in a form and content substantially similar to Exhibits B1 and B3 to the Agreement, at Target and Nice-Pak's cost. Heffler shall cause the media program to be implemented no later than thirty (30) days after the entry of this Order.

11.     Any Class Member who wishes to be excluded from the Settlement Class must send a written request for exclusion in the manner and to the address provided in the Notice. The Notice will advise Class Members of their right to request exclusion from the Settlement Class. Such opt out rights may be exercised only individually by a Class Member, and not by any other person in a representative capacity, except on behalf of a Class Member who is deceased or legally incapacitated. Requests by Class Members to be excluded from the Settlement Class must be mailed to Tilghman at the address set forth in the Notice and must be postmarked or delivered on or before **[no less than 30 days before the Final Settlement Hearing]** in order to be effective.

12.     Within seven (7) days after the deadline for exclusions described in Paragraph 4, Tilghman shall submit to Plaintiff's Counsel and Defendants' Counsel a report of the names and addresses of all Class Members who timely and properly excluded themselves from the Settlement Class.

13.     Based on review of the Agreement, terms of the proposed Settlement, the claims, defenses, and allegations in this Action, and applicable law, the Court preliminarily finds that there is sufficient basis to conclude that the proposed Settlement is fair, adequate, and reasonable and in the best interests of Class Members. Thus, the Court preliminarily and conditionally approves the proposed Settlement of the Class claims as described in the Agreement, preliminarily finding the settlement to be fair, reasonable, and adequate

and in the best interests of Class Members.

14.     The Court also preliminarily approves the administration of the proposed Settlement as described in the Agreement and the disbursement of the settlement gift cards and/or coupons to Class Members who timely submit electronic Claim forms. Claim forms must be submitted to Tilghman on or before **[30 days after the Final Settlement Hearing]** in order to be considered, which deadline will be stated in the Notice. Those Class Members who timely submit electronic Claim forms by the deadline specified will be eligible for distribution of compensation only to the extent, in the amount, and in the manner described in the Agreement. If the Court grants Final Approval of the Settlement, the settlement gift cards and/or coupons will be distributed to or for the benefit of the Class Members in the manner and in the amounts described in the Agreement.

15.     A Final Settlement Hearing shall be held before this Court on _____, 2018, at _.m., to consider and finally determine:

   a.   Whether the Settlement Agreement should be finally approved by the Court as fair, reasonable, and adequate;

   b.   Whether and in what amount attorneys' fees should be awarded to Plaintiff's Counsel, as provided in the Settlement; and

   c.   Objections, if any, made to the Settlement, or any of its terms.

The Final Settlement Hearing described in this Paragraph may be postponed, adjourned, or continued by order of the Court without further notice to Class Members.

16.     Any Settlement Class Member who has not requested exclusion from the Settlement Class and who objects to approval of the proposed Settlement may appear at

the Final Settlement Hearing in person and through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. However, no person (other than named parties) may be heard at the Final Settlement Hearing, or file papers or briefs in connection therewith, unless on or before [**date no less than 30 days before the Final Settlement Hearing**] such person has filed with the Court and served on Plaintiff's Counsel and Defendants' Counsel a timely written notice of intent to object, which must contain or include the following information:

    a.   The name, address, telephone number, and signature of the objecting Class Member;

    b.   The specific reasons for the Class Member's objections to the Settlement, and a detailed statement of the factual and legal basis for such objections; and

    c.   Identify all witnesses, by name, address, and a summary of proposed testimony, who the objecting Class Member may call to testify at the Final Settlement hearing, and describe and produce copies of all evidence such objecting Class Member may offer at the Final Settlement Hearing; and indication whether the objector will attend the Hearing.

Any Class Member who does not file and serve timely notice of intent to object in accordance with this Order shall waive the right to object to the Settlement or to be heard at the Final Settlement Hearing, and shall be forever barred from making any objection to the Settlement.

17.    Defendants' Counsel and Plaintiff's Counsel shall promptly furnish to each other copies of any notice of intent to object that comes into such counsel's possession.

18.    If the Settlement is finally approved, the Court will enter a Settlement Order and

Final Judgment approving the Agreement substantially in the same form and content attached to the Agreement as Exhibit __, and incorporating it as the judgment of the Court, which judgment shall be binding upon all Members of the Settlement Class who have not timely and properly requested exclusion with this Order and the terms of the Agreement.

19.     In the event that Final Approval of the proposed Settlement reflected by the Agreement is not granted by the Court, or a Settlement is approved with terms different than as reflected by the Agreement and that are not agreed to by Plaintiff and Defendants in writing, or the Settlement Order and Final Judgment is reversed or modified on appeal, or entry of a Settlement Order and Final Judgment as provided in the Agreement does not occur for any reason, then the Settlement, the Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith, shall become null and void, and shall not be used or referred to for any purpose in this Action or in any other proceeding. In such event, the Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any of the Parties thereto, who shall be restored to their respective positions as of the date of the execution of the Agreement.

20.     All Class Members who have not timely and properly excluded themselves from the Settlement Class are preliminarily enjoined, in either an individual or representative capacity, from filing, commencing, prosecuting, continuing, litigating, intervening in, participating in, as Class Members or in an individual capacity, or seeking to certify a class in, or organizing customers of Target and/or Nice-Pak into a separate class of persons, as a purported class action (including by seeking to amend a pending complaint

to include class allegations) in or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory, or other proceeding or order in any jurisdiction, based on or relating to the claims and causes of action in, or the facts and circumstances relating to, this Action and/or the Released Claims as described in the Agreement.

21.　　The Parties are hereby authorized without further approval from the Court to agree upon such amendments or modifications of the Agreement and of all exhibits thereto as shall be consistent in all respects with this Order and do not limit the rights of Class Members.

The Court hereby orders the following schedule:

| Item | Due Date |
| --- | --- |
| Initiate Notice | 30 days after preliminary approval |
| Plaintiff's Motion for Attorneys' Fees, Costs and Incentive Award | 45 days before final approval hearing |
| Objections, Requests to Appear, opt-outs | 30 days before final approval hearing |
| Plaintiff's Motion for Final Approval; replies in support of Motion for Attorneys' Fees, Costs and Incentive Award; response to objections | 10 days before final approval Hearing |
| Fairness Hearing | 120 days after preliminary approval, in accordance with the Court's availability |
| End of Claim Period | 30 days after final fairness hearing |

Date:_____　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　Donald C. Nugent, JUDGE

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER META, | ) | |
| Plaintiff, | ) | CASE NO. 4:14-CV-0832 |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| TARGET CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SETTLEMENT ORDER AND FINAL JUDGMENT

This matter was heard on _____, 2018, before the Court, pursuant to the Agreed Entry and Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Scheduling a Settlement Approval Hearing (the "Preliminary Approval Order") entered on _____, 2018 for the purpose of determining: (i) whether the settlement of this action, on the terms and conditions set forth in the Stipulation and Settlement Agreement between the Plaintiff and Defendants Target Corporation and Nice-Pak Products, Inc., should be approved as fair, reasonable, and adequate; (ii) the amount of attorneys' fees and expenses to award counsel for Plaintiff; and (iii) whether the Settlement Order and Final Judgment should be entered. Words in this Order shall have the same meaning as defined terms in the Agreement.

Having considered the record in this action, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this class action cannot be compromised without the approval of this Court, finding that class Members have been afforded reasonable notice of the proposed settlement and an opportunity to be heard, and that the settlement is fair, adequate, and reasonable. Having conducted the required analysis, and after consideration of all facts and circumstances, including those adduced at the hearing, the Court

finds and concedes that the settlement is fair, adequate, and reasonable, and that Class Members received reasonable notice of such settlement, of their right to exclude themselves from the Settlement Class, and an opportunity to be hard.

2. For settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are met and certifies the following Settlement Class, as defined as follows:

> All persons residing in the United States who purchased Up & Up flushable toddler wipes from April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014. The Class specifically excludes purchasers of Nice-Pak's "Sigma" formulation and subsequent product formulations of Up & Up flushable toddler wipes.

3. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the Members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiff's claims are typical of the claims of the Settlement Class Members; and (4) Plaintiff's and Plaintiff's Counsel will fairly and adequately represent the interests of the Settlement Class Members.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues predominate over any questions affecting only individual Members of the Settlement Class, and settlement of this Action on a class basis is superior to other means of resolving the Action.

5. The Court hereby confirms the appointment of Plaintiff Christopher Meta as the Settlement Class Representative. The Court confirms that the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representative are consistent with those of the Settlement Class

Members; (2) there appear to be no conflicts between or among the Settlement Class Representative and the other Settlement Class Members; (3) the Settlement Class Representative has been and appears to be capable of continuing to be an active participant in the prosecution and settlement of this litigation; and (4) the Settlement Class Representative and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases.

6. In making these findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

7. The Court has further considered the choice of law issues relating to Plaintiff's surviving implied warranty of merchantability and Magnuson-Moss Warranty Act claims against Target and has determined nationwide settlement of these claims is appropriate.

8. The Court has personal jurisdiction over Plaintiff, all Members of the Settlement Class, Target Corporation, Nice-Pak Products, Inc., and the Court has subject matter jurisdiction to approve the Agreement.

9. Plaintiff, Target, and  Nice-Pak have entered into the Agreement, which has been filed with the Court and is incorporated herein by reference. The Agreement provides for the settlement of this Action with Target and Nice-Pak by the Plaintiff as a representative of and on behalf of the Members of the Settlement Class, subject to final approval by the Court. The Agreement provides that, in exchange for the release described in the Agreement and this Settlement Order and Final Judgment, Target and Nice-Pak will provide a total settlement

consideration consisting, at the Class Member's option, of either a Target gift card or a Target coupon for a free package(s) of certain Up & Up wipes products. For each unit of Up & Up flushable toddler wipes purchased from April 18, 2010 through October 31, 2014, a Class Member can opt to receive either a $1.35 Target gift card or a coupon for a unit of current Up & Up wipes manufactured by Nice-Pak (double 48-count package or equivalent depending on wipes product). The number of units for which a Class Member can recover a Target gift card or a coupon for current product shall be capped at 20 units. If the Class Member provides proof of purchase for any number of units purchased during the Class period, there shall be no cap imposed on the gift card amount the Class Member is entitled to recover. If a Class Member who provides proof of purchase chooses to receive a coupon for current product, the number of units for which that Class Member can receive a coupon shall be capped at 20 units. Recovery for any number of units in excess of 20 units for such a Class Member shall be in the form of a gift card in the amount of $1.35 per unit.

10. Based on the evidence presented at the hearing, the Court finds that notice has been given to Class Members pursuant to and in compliance with the Preliminary Approval Order and Agreement, and that the notice and the notice methodology adopted pursuant to the Preliminary Approval Order and the Agreement was reasonable and the best notice practicable; satisfied due process requirements; and provided Class Members with fair and adequate notice of the certification of the Settlement Class and of the Final Settlement Hearing; provided adequate information concerning the hearing, the right to be excluded from the Settlement Class, the settlement, and the right of counsel for Plaintiff to apply for an award of attorneys' fees and expenses. Accordingly, the Notice and the Claim form are finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of

this Action and of the Agreement has been provided to Members of the Settlement Class, and the Court further finds and concludes that notice of the settlement as described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process under the Unites States Constitution.

11. The Court finds that the Agreement was entered into in good faith between Plaintiff, Target, and Nice-Pak, and is the result of good faith arm's length negotiations by the Parties thereto. In addition, the Court finds that Final Approval of the Agreement will result in substantial savings in time and resources of the Court and the Parties and will further the interests of justice, and is in the best interest of the Settlement Class, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result in this Action. Further, the Court finds that the Agreement is fair, reasonable, and adequate to Members of the Settlement Class based on proceedings in this Action, discovery, due diligence, and in the absence of material objections sufficient to deny approval.

12. Therefore, the terms of the Settlement, as set forth in the Agreement, are hereby determined to be fair, reasonable, and adequate. Accordingly, the Agreement, including each of its respective terms and conditions, is hereby finally approved by and incorporated as part of this Settlement Order and Final Judgment.

13. The Court hereby enters final judgment approving the Settlement, as set forth in the Agreement. In accordance with the Agreement and this Settlement Order and Final Judgment, the Court hereby enters judgment fully and finally terminating all claims of Plaintiff and the Settlement Class against Target and Nice-Pak, on the merits, with prejudice, and without leave to

amend.

14. The Court further finds that all Class Members who have not timely and properly excluded themselves, regardless of whether such Class Members have claimed or obtained benefits under the Agreement, shall, by operation of this Settlement Order and Final Judgment, release, dismiss with prejudice, and forever discharge Defendants Target Corporation and Nice-Pak Products, Inc. and their parents, subsidiaries, divisions, joint ventures, and related and affiliated entities, and all of their respective predecessors, successors, assigns, attorneys, accountings, representatives, and past and present officers, directors, employees, agents, and independent contractors (collectively, "Released Parties"), from any and all claims, lawsuits, rights, counts, causes of action, damages, judgments, executions, attachments, debts, demands, liabilities, and obligations of every kind and nature, known or unknown, that they ever had, now have, or hereafter assert, in law or equity, class or individual, suspected or unsuspected, concealed or unconcealed, tangible or intangible, that were asserted or could have been asserted by Plaintiff in this Action against Released Parties, for any injury or damages relating to or arising out of facts and circumstances alleged in the Action, including but not limited to: (1) any and all claims relating to the design, manufacture, distribution, and sale of Up & Up flushable toddler wipes during the Class Period; (2) any and all claims relating to the warranties, advertisements, representations, and warnings relating to the flushability of Up & Up flushable toddler wipes during the Class Period; and (3) any and all claims to attorneys' fees and expenses in connection with the prosecution of the Action, except as provided for in this Order ("Released Claims").

15. This Court determined that Plaintiff failed to provide sufficient evidence to prove Up & Up flushable toddler wipes caused his alleged property damage and further found that the price

premium theory was the only appropriate measure of damages for which the class could potentially recover. As a result, this Court confirms the Parties' stipulation and agreement that a Class Member's individual claim for property damage and/or personal injury arising out of the use of Up & Up flushable toddler wipes during the Class Period is outside the scope of the Released Claims set forth above.

16. Those Class Members who timely and properly requested exclusion from the Settlement Class are identified in Exhibit __ to the Affidavit of Tilghman, filed with the Court. The Court approves this list of Class Members who have excluded themselves from the Settlement Class, and those individuals are excluded from the Settlement Class. All other Members of the Settlement Class are, together with their heirs, estates, trustees, executors, administrators, principals, agents, beneficiaries, assigns, successors, and legal representatives bound by this Settlement Order and Final Judgment and all proceedings embodied by the Settlement, including the releases provided for in this Settlement Order and Final Judgment.

17. All Class Members who have not timely and properly excluded themselves from the Settlement Class are permanently enjoined, in either an individual or representative capacity, from (a) filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class Members or in an individual capacity, or seeking to certify a class in, or organizing customers of Target and/or Nice-Pak into a separate class of persons, as a purported class action (including by seeking to amend a pending complaint to include class allegations), based on, related to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (b) organizing Members of the Settlement Class who have not been excluded from the Settlement Class into a separate class for the purposes as a purported class action any lawsuit or administrative, regulatory, arbitration, or

other proceeding (including by seeking to amend a pending complaint to include class allegations), based on, related to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (c) attempting to effect an opt-out class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims; and (d) receiving any benefit or other relief from any other lawsuit or administrative, regulatory, arbitration or other proceeding or order in any jurisdiction, based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims.

18. The Court finds that Plaintiff and counsel for Plaintiff and the Settlement Class, Spangenberg Shibley & Liber LLP and Tycko & Zavareei LLP, have fairly and adequately represented the interests of the Settlement Class.

19. The sum of $1,615,000.00 is hereby awarded as the entire attorneys' fees and reimbursement to Class Counsel for costs and expenditures in this Action, including all fees and legal services, all costs, all disbursements, all out-of-pocket expenses and all other expenditures. This sum shall be paid by Target and Nice-Pak to Class Counsel representing Plaintiff and the Settlement Class pursuant to the terms and conditions and at the time set forth in the Agreement. Target and Nice-Pak shall not be responsible for and shall have no liability whatsoever with respect to the allocation among Class Counsel and/or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

20. The sum of $10,000.00 is hereby awarded as a service award to the named Plaintiff in recognition of his time and effort spent as the class representative.

21. The Parties are directed to consummate the Agreement in accordance with its terms. Target and Nice-Pak shall pay the costs of administration of the Settlement, in accordance with the terms and conditions set forth in the Agreement.

22. Disbursements of gift cards and/or coupons to eligible Class Members who timely submit proper Claim forms shall be made by Tilghman, Target, or Nice-Pak in the manner, within the time periods, and under the terms and conditions provided in the Agreement.

23. Tilghman shall discharge all aspects of notice and other settlement administration in accordance with the Agreement.

24. Neither this Settlement Order and Final Judgment, the Agreement, the fact of settlement, the settlement proceedings, settlement negotiations, nor any related document, shall be used as an admission of any act or omission by Target, Nice-Pak, or any other Released Party, or be offered or received into evidence as an admission, concession, presumption, or inference of any wrongdoing by Target, Nice-Pak, or any other Released Party, in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Agreement.

25. The Parties are hereby authorized without further approval from the Court to agree upon such amendments or modifications of the Agreement and all exhibits thereto as shall be consistent in all respects with this Settlement Order and Final Judgment and do not limit the rights of the Class Members.

26. Without affecting the finality of this Order, the Court retains jurisdiction over this Settlement to the extent necessary to implement, enforce, and administer the Agreement and this Settlement Order and Final Judgement. Upon written report of Tilghman that all distributions have been made pursuant to the Agreement, the Court will dismiss this Action with prejudice and

without costs or attorneys' fees (except such costs and fees are awarded herein) as to all claims that were asserted or could have been asserted by Plaintiff and/or the Settlement Class. Notwithstanding the foregoing, the Order constitutes a final and complete adjudication of the claims of the Settlement Class and other matters presented herein and the Court expressly determines that there is no just reason for delay, pursuant to Rule 54(b).

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER META, | ) | |
| Plaintiff, | ) | CASE NO. 4:14-CV-0832 |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| TARGET CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JUDGMENT OF DISMISSAL

Defendants Target Corporation and Nice-Pak Products, Inc., having settled with the Class and the Court having entered its Order Granting Final Approval to Class Action Settlement and Directing Entry of Judgment of Dismissal,

IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED that:

1.      All claims of Plaintiff and all Class Members against Defendants are dismissed with prejudice.

2.      Notwithstanding the dismissal of claims in the preceding paragraph, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and supervise and adjudicate any disputes arising from or in connection with the Settlement.

3.      Plaintiff and all Class Members are bound by the release of claims set forth in the Agreement and are hereby permanently enjoined and restrained from filing or prosecuting any Released Claims against Defendants.

Dated:_____, 2018          _____
                                                                          Donald C. Nugent, JUDGE

3677666.1

# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER META, On Behalf Of Himself And All Others Similarly Situated | ) ) ) | CASE NO. 4:14-CV-0832 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff | ) ) | |
| | ) | **UNDERTAKING RE ATTORNEYS'** |
| vs. | ) | **FEES AND COSTS** |
| | ) | |
| TARGET CORPORATION, et al. | ) | |
| | ) | |
| Defendants | ) ) | |

**WHEREAS**, as required by the Class Action Settlement Agreement (the "Settlement Agreement") in this matter, Plaintiffs' Counsel Spangenberg Shibley & Liber LLP (the "Spangenberg Shibley Firm") and its principal Stuart Scott, Esq. ("Scott"), and Plaintiffs' Counsel Tycko & Zavareei LLP (the "Tycko Zavareei Firm") and its principal and Hassan Zavareei ("Zavareei") (each of the foregoing defined persons and entities being an "Obligor" and collectively being "Obligors") desire to provide for the benefit of Defendants Target Corp. and Nice-Pak Products, Inc. ("Defendants") an undertaking for repayment of any award of attorneys' fees, costs, and expenses ("Fee Award") that any of the Obligors may be paid as attorneys' fees, costs or expenses in connection with the Settlement Agreement (the "Undertaking").

**NOW, THEREFORE**, each of the undersigned Obligors, on behalf of himself as an individual and as an agent for his respective law firm, hereby submits himself and the law firm on whose behalf he has executed this Undertaking to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking. Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement. The collective obligations of Spangenberg Shibley Firm and Scott are limited to _____% of the Fee Award, and the collective obligations of Tycko Zavareei Firm and Zavareei are limited to the remaining percentage of the Fee Award. As

between Spangenberg Shibley Firm and Scott, the obligations with respect to the Undertaking are joint and several. Similarly, as between Tycko Zavareei Firm and Zavareei, the obligations with respect to the Undertaking are joint and several.

In the event the Obligors fail to timely repay any amounts that are owed to Defendant pursuant to this Undertaking, the Court shall, upon application of Defendant and notice to Plaintiffs' Counsel, summarily issue orders, including but not limited to judgments and attachment orders, against the Obligors, jointly and severally as set forth above, and may make appropriate findings for sanctions for contempt of court. Any such judgments shall accrue interest at the applicable interest rate set forth in 28 U.S.C. § 1961.

The undersigned stipulate, warrant, and represent that they have both actual and apparent authority to enter into this stipulation, agreement and Undertaking on behalf of their undersigned law firms. This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile or email shall be as effective as original signatures. The undersigned declare under penalty of perjury under the laws of the State of Ohio and the United States that they have read and understand the foregoing and that it is true and correct.

This Undertaking and all obligations set forth herein shall expire on the fourteenth (14) day after which the Final Approval and any Fee Award have been affirmed on appeal and are not subject to further judicial review, or if no such appeal is filed, upon the fourteenth (14) day after the expiration of the time in which to bring such an appeal.

HASSAN ZAVAREEI

Dated: _____, 2017          _____

Hassan Zavareei

2

TYCKO & ZAVAREEI LLP

Dated: _____, 2017          by: _____
                                           Hassan Zavareei, Partner


STUART SCOTT


Dated: _____, 2017          _____
                                           Stuart Scott


SPANGENBERG SHIBLEY & LIBER LLP


Dated: _____, 2017          by: _____
                                           Stuart Scott, Partner

3