# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER META, On Behalf Of ) CASE NO. 4:14-CV-0832
Himself And All Other Similarly Situated )
             )
    Plaintiff,      ) JUDGE HON. DONALD C. NUGENT
             )
vs.          )
             )
TARGET CORPORATION, et al.,  )
             )
    Defendants.    )

## **SUPPLEMENTAL DECLARATION OF L. STEPHENS TILGHMAN**

I, L. Stephens Tilghman, declare as follows:

1. I am over 21 years of age and am not a party to this action.

2. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

3. Tilghman & Co. is a settlement administration company and has extensive experience in the administration of class action matters, having provided services in class action cases ranging in size from less than 100 to 15 million class members and involving a wide range of issues. We have provided notification and/or claims administration services nationwide in more than 475 matters in various Federal and state courts.

4. Tilghman has been retained as the Settlement Administrator for the above-captioned action.

5. Tilghman obtained a mailing address (P.O. Box 11486, Birmingham, AL 35202) to receive undeliverable notices, requests for exclusion, changes of address, and other correspondence.

6.      Defendant provided Tilghman with files ("the Class Member List") containing Class Member name, email address and/or last known physical address. The Class Member List contained 1,192,738 (15,031 email address only, 317,516 physical address only and 866,585 with both email and physical address) entries. Of the 881,616 records with email addresses there were 6,394 duplicate email addresses for a total of 875,222 unique email addresses. It is my understanding the Class Member List was comprised of individuals who purchased the "Buckeye" formulate of Up and Up Wipes during the Class Period.

7.      In preparation for mailing the Court-approved Class Action Settlement Notices to Settlement Class Members with only a physical address, Tilghman ran the Class Members' addresses through the United States Postal Services (USPS) National Change of Address (NCOA) database and updated the records with the information obtained through the NCOA search.

8.      On May 7, 2018 Tilghman sent 317,516 Court-approved postcards via First-Class Mail to Class Members with physical addresses only, which included automatic address correction by the U.S. Postal Service.

9.      On May 7, 2018 Tilghman caused 875,222 emails with Court-approved summary notice to be sent to Class Members with an email address.

10.     A total of 65,500 email notices bounced or shown as undeliverable. Tilghman subsequently mailed 65,322 postcard notices for which an address was available or for which Tilghman obtained an address.

11.     Settlement Notices that were returned as undeliverable by the USPS as addressed that included updated addresses were re-mailed to the class member at the new address provided

on an ongoing basis. For Settlement Notices returned as undeliverable by the USPS Tilghman attempted to obtain a better address through LexisNexis.

12.     Tilghman established a toll-free telephone number to assist Settlement Class Members and any other persons seeking information about the Settlement. The settlement telephone number contains an automated recording that provides general information about the settlement, including important dates and deadlines applicable to the settlement. The telephone number was opened on or before May 7, 2018, and is still operating.

13.     Tilghman established a Settlement Website: www.upandupwipessettlement.com. The Website address was printed in the Notice. The Settlement Website was activated on May 7, 2018 and is still operating. Tilghman worked with Counsel to develop the content for the Settlement Website.

14.     Tilghman received calls and inquiries from class members via the toll-free telephone line, email and USPS mail. The calls and inquires related to request for notices and claim forms, change of addresses, general questions (i.e. "is this for real?"). I am not aware that we received any inquiries via telephone calls, emails or USPS mails regarding the class definition.

15.     Periodically updates or additions were made to the website. The original website had the "Deadline for requesting exclusion:" listed twice. On May 15, 2015 Tilghman requested several changes, including a change for "Deadline for submitting objection: July 9, 2018". On June 29, 2018 Tilghman again requested a change for "Deadline for submitting objection: July 9, 2018" which was made on July 2, 2018. On July 2, 2018, the Plaintiff's Unopposed Motion for For Class Representative Award and Attorneys' Fees and Costs was posted to the website.

16.     As of July 9, 2018, the deadline for filing of objections, Tilghman had received no objections from a Settlement Class Member. Tilghman has been made aware that two

objections to the settlement have been filed – one through regular mail to counsel and one filed through the Court's ECF system.

17.     As of July 9, 2017, the deadline for opting out of the Settlement Class, Tilghman had received two (2) opt-out notices from Settlement Class Members.   Those individuals requesting exclusion from the settlement class are listed on Exhibit A.

18.     As of July 20, 2018, Tilghman had received 170,542 claim forms of which 152,490 requested gift cards and 11,633 requested coupons.   Claimants have claimed 14,691,476 units purchased.

19.     An updated declaration will be provided to the Court at the end of the claim period.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Dated this 2nd day of August 2018.

L. STEPHENS TILGHMAN

<u>Exhibit A</u>

Individuals requesting exclusion from the Settlement Class are:

1. Antonio G Sanchez, 7405 Pebble Beach Drive, Rowlett, TX 75088
2. Carri Nichols, 7305 Oakmore Drive, Dallas, TX 75249