IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTOPHER META, | ) |
| Plaintiff, | ) CASE NO. 4:14-CV-0832 )  |
| v. | ) JUDGE DONALD C. NUGENT ) |
| TARGET CORP., et al. | ) ) |
| Defendants. | ) ) ) |

## SETTLEMENT ORDER AND FINAL JUDGMENT

This matter was heard on August 7, 2018, before the Court, pursuant to the Agreed Entry and Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Scheduling a Settlement Approval Hearing (the "Preliminary Approval Order") entered on April 4, 2018 (in addition to further order on April 6, 2018) for the purpose of determining: (i) whether the settlement of this action, on the terms and conditions set forth in the Stipulation and Settlement Agreement between the Plaintiff and Defendants Target Corporation and Nice-Pak Products, Inc., should be approved as fair, reasonable, and adequate; (ii) the amount of attorneys' fees and expenses to award counsel for Plaintiff; and (iii) whether the Settlement Order and Final Judgment should be entered. Words in this Order shall have the same meaning as defined terms in the Agreement.

Having considered the record in this action, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this class action cannot be compromised without the approval of this Court, finding that class Members have been afforded reasonable notice of the proposed settlement and an opportunity to be heard, and that the settlement is fair, adequate, and reasonable. Having conducted the required analysis, and after consideration

of all facts and circumstances, including those adduced at the hearing, the Court finds and concedes that the settlement is fair, adequate, and reasonable, and that Class Members received reasonable notice of such settlement, of their right to exclude themselves from the Settlement Class, and an opportunity to be hard.

2. For settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are met and certifies the following Settlement Class, as defined as follows:

> All persons residing in the United States who purchased Up & Up flushable toddler wipes from April 18, 2010 through the discontinuation of the "Buckeye" product formulation on October 31, 2014. The Class specifically excludes purchasers of Nice-Pak's "Sigma" formulation and subsequent product formulations of Up & Up flushable toddler wipes.

3. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the Members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiff's claims are typical of the claims of the Settlement Class Members; and (4) Plaintiff's and Plaintiff's Counsel will fairly and adequately represent the interests of the Settlement Class Members.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement under Federal Rule of Civil Procedure 23(b)(3) because common issues predominate over any questions affecting only individual Members of the Settlement Class, and settlement of this Action on a class basis is superior to other means of resolving the Action.

5. The Court hereby confirms the appointment of Plaintiff Christopher Meta as the Settlement Class Representative. The Court confirms that the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement

Class Representative are consistent with those of the Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representative and the other Settlement Class Members; (3) the Settlement Class Representative has been and appears to be capable of continuing to be an active participant in the prosecution and settlement of this litigation; and (4) the Settlement Class Representative and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases.

6. In making these findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

7. The Court has further considered the choice of law issues relating to Plaintiff's surviving implied warranty of merchantability and Magnuson-Moss Warranty Act claims against Target and has determined nationwide settlement of these claims is appropriate.

8. The Court has personal jurisdiction over Plaintiff, all Members of the Settlement Class, Target Corporation, Nice-Pak Products, Inc., and the Court has subject matter jurisdiction to approve the Agreement.

9. Plaintiff, Target, and Nice-Pak have entered into the Agreement, which has been filed with the Court and is incorporated herein by reference. The Agreement provides for the settlement of this Action with Target and Nice-Pak by the Plaintiff as a representative of and on behalf of the Members of the Settlement Class, subject to final approval by the Court. The Agreement provides that, in exchange for the release described in the Agreement and this Settlement Order and Final

Judgment, Target and Nice-Pak will provide a total settlement consideration consisting, at the Class Member's option, of either a Target gift card or a Target coupon for a free package(s) of certain Up & Up wipes products. For each unit of Up & Up flushable toddler wipes purchased from April 18, 2010 through October 31, 2014, a Class Member can opt to receive either a $1.35 Target gift card or a coupon for a unit of current Up & Up wipes manufactured by Nice-Pak (double 48-count package or equivalent depending on wipes product). The number of units for which a Class Member can recover a Target gift card or a coupon for current product shall be capped at 20 units. If the Class Member provides proof of purchase for any number of units purchased during the Class period, there shall be no cap imposed on the gift card amount the Class Member is entitled to recover. If a Class Member who provides proof of purchase chooses to receive a coupon for current product, the number of units for which that Class Member can receive a coupon shall be capped at 20 units. Recovery for any number of units in excess of 20 units for such a Class Member shall be in the form of a gift card in the amount of $1.35 per unit.

10. Based on the evidence presented at the hearing, the Court finds that notice has been given to Class Members pursuant to and in compliance with the Preliminary Approval Order and Agreement, and that the notice and the notice methodology adopted pursuant to the Preliminary Approval Order and the Agreement was reasonable and the best notice practicable; satisfied due process requirements; and provided Class Members with fair and adequate notice of the certification of the Settlement Class and of the Final Settlement Hearing; provided adequate information concerning the hearing, the right to be excluded from the Settlement Class, the settlement, and the right of counsel for Plaintiff to apply for an award of attorneys' fees and expenses. Accordingly, the Notice and the Claim form are finally approved as fair, reasonable, and adequate. The Court finds and concludes that due and adequate notice of the pendency of this

Action and of the Agreement has been provided to Members of the Settlement Class, and the Court further finds and concludes that notice of the settlement as described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process under the Unites States Constitution.

11. The Court finds that the Agreement was entered into in good faith between Plaintiff, Target, and Nice-Pak, and is the result of good faith arm's length negotiations by the Parties thereto. In addition, the Court finds that Final Approval of the Agreement will result in substantial savings in time and resources of the Court and the Parties and will further the interests of justice, and is in the best interest of the Settlement Class, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result in this Action. Further, the Court finds that the Agreement is fair, reasonable, and adequate to Members of the Settlement Class based on proceedings in this Action, discovery, due diligence, and in the absence of material objections sufficient to deny approval.

12. The Court has considered the only two objections to the Settlement, advanced by objectors Sheila Ference (Dkt. 173) and Erich Neumann (Dkt. 174), and finds that neither objection is well taken, nor does either objection affect the Court's analysis or alter the Court's final approval determination.

13. The Court finds that contrary to Objector Ference's argument, the Settlement is not a "coupon settlement" for the purposes of the Class Action Fairness Act, as the relief provided via the Settlement takes the form of "vouchers" that do not require an additional expenditure by Class Members in order to enjoy the benefit, as opposed to "percent-off" or "dollar-off" coupons that would require an additional expenditure of funds. *E.g., Seebrook v. Children's Place Retail Stores, Inc.*, No. C 11-837-CW, 2013 WL 6326487, at *1 (N.D. Cal. Dec. 4, 2013); *Foos c. Ann, Inc.*, No.

11cv2794, 2013 WL 5352969, at *4 (S.D. Cal. Sept. 24, 2013). In any event, the Court finds that even if termed a "coupon settlement" under CAFA, it would be permissible to award attorneys' fees utilizing the lodestar approach. *E.g., In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 709 (7th Cir. 2015); *John T. Galloway v. The Kansas City Landsmen, LLC*, 833 F.3d 969, 974-75 (8th Cir. 2016); *Blessing v. Sirius XM Radio, Inc.*, 507 F. App'x 1, 5 (2d Cir. 2012). The Court further finds that, contrary to Ference's position, if a percentage-of-the-fund cross-check were to be employed, it may properly consider the value of the Settlement benefits made available to the Class Members, and not just the amounts claimed. *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 286-87 (6th Cir. 2016). Additionally, the Court finds that Class Counsel has "provided the number of hours worked and averred under penalty of perjury that those hours were reasonably necessary to prosecute the action," *id.* at 276, which is sufficient to support Class Counsel's attorneys' fee and expense request, that the hourly rates at which Class Counsel is being compensated are reasonable, and that Class Counsel's attorneys' fee request is significantly below its actual lodestar; thus, Ference's objections related to these issues are not well-taken. Despite Ference's unsupported claim to the contrary, the Court finds that the Settlement was negotiated free of collusion, as the case was thoroughly litigated prior to the Settlement, with a certified class, *see Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009) (observing that "the duration and complexity of the litigation," which included four years of litigating before a settlement was reached, undermined any claims of collusion), that the attorneys' fees at issue were not negotiated until all other material terms of the Settlement were agreed upon, and that the Settlement was negotiated with the assistance of a respected neutral and this Court. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 204 F.R.D. 330, 350-51 (N.D. Ohio 2001); *v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 WL 3862363, at *15 (N.D. Ohio Sept. 1, 2011). Lastly, the Court overrules Ference's

objections related to the class representative incentive award, as an award of $10,000 is well within the range of reasonable incentive awards.

14. The Court finds that Objector Neumann is a "professional" or "serial" objector to class settlements who has repeatedly objected to class settlements in order to "hold[] up valuable settlements for class members by filing frivolous appeals." *Gemelas v. Dannon Co., Inc.*, No. 1:08 CV 238, 2010 WL 3703811, at *3 (N.D. Ohio Aug. 31, 2010). The Court finds that other district courts throughout the country to have considered Neumann's objections have repeatedly rejected them. *E.g.*, *Wilkins v. HSBC Bank Nevada, N.A.*, No. 14 C 190, 2015 WL 890566, at *8 (N.D. Ill. Feb. 27, 2015); *Arnett v. Bank of America, N.A.*, No. 3:11-cv-1362-SI, 2014 WL 4672458, at *2, 14 (D. Ore. Sept. 18, 2014); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 8:10ML 02151 (JVS) (FMOx), 2013 WL 3224585, at *20 (C.D. Cal. June 17, 2013).

15. With respect to the substance of Neumann's objection, the Court finds that Neumann's argument that the Settlement Class does not exclude subsequent purchasers of newly formulated Up & Up wipes, and that the Settlement Class definition is not misleading, given the lack of questions on the topic to the claims administrator and the high claims rate. The Court also rejects Neumann's contention that knowledge of final claims figures are necessary in order to make an attorneys' fee award, as it is proper to make an award in a claims-made settlement such as this one based on Class Counsel's lodestar, and a percentage-of-the-fund cross-check is merely "optional." *Gascho*, 822 F.3d at 280-81, 286-87. Regardless, the Court is in possession of sufficient information regarding the amount made available to Class Members via the Settlement in order to conduct an optional percentage-of-the-fund cross check. Contrary to Neumann's assertion, Class Counsel's calculation of the amount made available via the Settlement properly multiplied the estimated

number (5,560,645) of units of Up & Up wipes sold during the Class Period by the amount available per unit ($1.35) to determine that the Settlement made over $7.5 million in benefits available to Class Members. Further, this is a conservative estimate, as all Class Members (estimated to be 538,710) were entitled to submit claims for up to 20 units without Proof of Purchase, which indicates that over $14.5 million in Settlement Benefits was made available to Class Members without Proof of Purchase. The Court rejects Neumann's contentions regarding the Settlement Website as factually inaccurate, in light of the facts presented in the Declaration of Steven Tilghman, but, more importantly, finds that Class Members had more than adequate notice of the Settlement, include Class Counsel's attorneys' fee request and the objection deadline. Just as the court in *Wilkins* rejected Neumann's contentions about material on the Settlement Website, 2015 WL 890566, at *8, the Court finds that to the extent any minor typographical errors existed, the Notices more than satisfied due process here. *See also, e.g., Nieberding v. Barrette Outdoor Living, Inc.*, 129 F. Supp. 3d 1236, 1247 (D. Kan. 2015) (typographical error in notice "not a material defect"); *Arnett v. Bank of Am., N.A.*, 2014 WL 4672458, at *3 n.7 (D. Or. Sept. 18, 2014) (granting final approval motion where notice contained error in date of final approval hearing); *In re Processed Egg Antitrust Litig.*, 284 F.R.D. 278, 295 n.16 (E.D. Pa. 2012) (approving settlement in spite of "inadvertent typo" in notice). Finally, the Court rejects Neumann's unsupported claims regarding the incentive award for the same reason it rejects Ference's objection on the same subject.

16. Therefore, the terms of the Settlement, as set forth in the Agreement, are hereby determined to be fair, reasonable, and adequate. Accordingly, the Agreement, including each of its respective terms and conditions, is hereby finally approved by and incorporated as part of this Settlement Order and Final Judgment.

17. The Court hereby enters final judgment approving the Settlement, as set forth in the Agreement. In accordance with the Agreement and this Settlement Order and Final Judgment, the

Court hereby enters judgment fully and finally terminating all claims of Plaintiff and the Settlement Class against Target and Nice-Pak, on the merits, with prejudice, and without leave to amend.

18. The Court further finds that all Class Members who have not timely and properly excluded themselves, regardless of whether such Class Members have claimed or obtained benefits under the Agreement, shall, by operation of this Settlement Order and Final Judgment, release, dismiss with prejudice, and forever discharge Defendants Target Corporation and Nice-Pak Products, Inc. and their parents, subsidiaries, divisions, joint ventures, and related and affiliated entities, and all of their respective predecessors, successors, assigns, attorneys, accountings, representatives, and past and present officers, directors, employees, agents, and independent contractors (collectively, "Released Parties"), from any and all claims, lawsuits, rights, counts, causes of action, damages, judgments, executions, attachments, debts, demands, liabilities, and obligations of every kind and nature, known or unknown, that they ever had, now have, or hereafter assert, in law or equity, class or individual, suspected or unsuspected, concealed or unconcealed, tangible or intangible, that were asserted or could have been asserted by Plaintiff in this Action against Released Parties, for any injury or damages relating to or arising out of facts and circumstances alleged in the Action, including but not limited to: (1) any and all claims relating to the design, manufacture, distribution, and sale of Up & Up flushable toddler wipes during the Class Period; (2) any and all claims relating to the warranties, advertisements, representations, and warnings relating to the flushability of Up & Up flushable toddler wipes during the Class Period; and (3) any and all claims to attorneys' fees and expenses in connection with the prosecution of the Action, except as provided for in this Order ("Released Claims").

19. This Court determined that Plaintiff failed to provide sufficient evidence to prove Up &

Up flushable toddler wipes caused his alleged property damage and further found that the price premium theory was the only appropriate measure of damages for which the class could potentially recover. As a result, this Court confirms the Parties' stipulation and agreement that a Class Member's individual claim for property damage and/or personal injury arising out of the use of Up & Up flushable toddler wipes during the Class Period is outside the scope of the Released Claims set forth above.

20. Those Class Members who timely and properly requested exclusion from the Settlement Class are identified in Exhibit A to the Supplemental Affidavit of Tilghman, filed with the Court. The Court approves this list of Class Members who have excluded themselves from the Settlement Class, and those individuals are excluded from the Settlement Class. All other Members of the Settlement Class are, together with their heirs, estates, trustees, executors, administrators, principals, agents, beneficiaries, assigns, successors, and legal representatives bound by this Settlement Order and Final Judgment and all proceedings embodied by the Settlement, including the releases provided for in this Settlement Order and Final Judgment.

21. All Class Members who have not timely and properly excluded themselves from the Settlement Class are permanently enjoined, in either an individual or representative capacity, from (a) filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class Members or in an individual capacity, or seeking to certify a class in, or organizing customers of Target and/or Nice-Pak into a separate class of persons, as a purported class action (including by seeking to amend a pending complaint to include class allegations), based on, related to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (b) organizing Members of the Settlement Class who have not been excluded from the Settlement Class into a separate class for the purposes as a purported class action

any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations), based on, related to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (c) attempting to effect an opt-out class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims; and (d) receiving any benefit or other relief from any other lawsuit or administrative, regulatory, arbitration or other proceeding or order in any jurisdiction, based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims.

22. The Court finds that Plaintiff and counsel for Plaintiff and the Settlement Class, Spangenberg Shibley & Liber LLP and Tycko & Zavareei LLP, have fairly and adequately represented the interests of the Settlement Class.

23. The sum of $1,615,000.00 is hereby awarded as the entire attorneys' fees and reimbursement to Class Counsel for costs and expenditures in this Action, including all fees and legal services, all costs, all disbursements, all out-of-pocket expenses and all other expenditures. This sum shall be paid by Target and Nice-Pak to Class Counsel representing Plaintiff and the Settlement Class pursuant to the terms and conditions and at the time set forth in the Agreement. Target and Nice-Pak shall not be responsible for and shall have no liability whatsoever with respect to the allocation among Class Counsel and/or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

24. The sum of $10,000.00 is hereby awarded as a service award to the named Plaintiff in recognition of his time and effort spent as the class representative.

25. The Parties are directed to consummate the Agreement in accordance with its terms. Target and Nice-Pak shall pay the costs of administration of the Settlement, in accordance with the terms and conditions set forth in the Agreement.

26. Disbursements of gift cards and/or coupons to eligible Class Members who timely submit proper Claim forms shall be made by Tilghman, Target, or Nice-Pak in the manner, within the time periods, and under the terms and conditions provided in the Agreement.

27. Tilghman shall discharge all aspects of notice and other settlement administration in accordance with the Agreement.

28. Neither this Settlement Order and Final Judgment, the Agreement, the fact of settlement, the settlement proceedings, settlement negotiations, nor any related document, shall be used as an admission of any act or omission by Target, Nice-Pak, or any other Released Party, or be offered or received into evidence as an admission, concession, presumption, or inference of any wrongdoing by Target, Nice-Pak, or any other Released Party, in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Agreement.

29. The Parties are hereby authorized without further approval from the Court to agree upon such amendments or modifications of the Agreement and all exhibits thereto as shall be consistent in all respects with this Settlement Order and Final Judgment and do not limit the rights of the Class Members.

30. Without affecting the finality of this Order, the Court retains jurisdiction over this Settlement to the extent necessary to implement, enforce, and administer the Agreement and this Settlement Order and Final Judgement. Upon written report of Tilghman that all distributions have been made pursuant to the Agreement, the Court will dismiss this Action with prejudice and

without costs or attorneys' fees (except such costs and fees are awarded herein) as to all claims that were asserted or could have been asserted by Plaintiff and/or the Settlement Class. Notwithstanding the foregoing, the Order constitutes a final and complete adjudication of the claims of the Settlement Class and other matters presented herein and the Court expressly determines that there is no just reason for delay, pursuant to Rule 54(b).

There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED this 7th day of August, 2018.

_____
Honorable Donald Nugent
United States District Court Judge