UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER META, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 4:14-CV-0832 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| vs. | ) ) | |
| TARGET CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

---

## MOTION FOR A BOND TO SECURE PAYMENT OF COSTS AND ATTORNEYS' FEES ON APPEAL (FED. R. APP. P. 7)

Plaintiff, pursuant to Federal Rule of Appellate Procedure 7, moves the Court for entry of an Order requiring Objector Sheila Ference and Erich Neumann to post appellate bonds in the amount of $40,000, each, to ensure payment of costs associated with the appeal.

### MEMORANDUM IN SUPPORT

## I.      INTRODUCTION AND BACKGROUND

On July 9, 2018, Objectors Sheila Ference ("Ference") and Erich Neumann ("Neumann") objected to the Settlement reached in this case. On August 7, 2018, the Court entered an Order and Final Judgment approving of the Settlement and overruling the objections. (Dkt. 179.) The Court overruled Ference's contentions suggesting that the Settlement was a "coupon settlement," found that her objections relating to attorneys' fees were "not well-taken," held that Ference's claims relating to collusion were "unsupported," and rejected Ference's challenges to the class representative service award, finding it to be "well within the range of reasonable incentive awards." (*Id.* ¶ 13.) The Court likewise overruled Neumann's objection. (*Id.* ¶ 14-15.) It held Neumann is a

1

"professional" or "serial" objector "who has repeatedly objected to class settlements in order to 'hold[] up valuable settlements for class members by filing frivolous appeals.'" (*Id.* ¶ 14 (quoting *Gemelas v. Dannon Co., Inc.*, No. 1:08 CV 238, 2010 WL 3703811, at *3 (N.D. Ohio Aug. 31, 2010).) It found that "other district courts throughout the country to have considered Neumann's objections have repeatedly rejected them." (*Id.*) The Court also rejected the substance of Neumann's objections, finding that the class definition did not exclude subsequent purchasers of newly formulated Up & Up wipes, holding that Neumann's contentions regarding attorneys' fees were legally and factually inaccurate, and rejecting Neumann's contentions regarding the adequacy of the notice to the class. (*Id.* ¶ 15.)

Since the filing of Plaintiffs' final approval papers, it has come to light that, like Neumann, not only is Ms. Ference also a "serial" or "professional" objector, but she seems to hail from a family of individuals who make it a habit of filing meritless objections to class action settlements. Such objectors tend to "hold[] up valuable settlements for class members by filing frivolous appeals." *Gemelas*, 2010 WL 3703811, at *3; *see also, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 n.3 (N.D. Cal. 2012) ("[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing.") (quoting *In re Checking Account Overdraft Litigation,* 830 F.Supp.2d 1330, 1361, n. 30 (S.D. Fla. 2011)) (discussing objector who challenges settlements and file appeals to settlement approval "and does not do so to effectuate changes to settlements, but does so for his own personal financial gain").

This is not Ference's first frivolous appeal of a meritless objection. Through Class Counsel's investigation on district and appellate court documents, Ference has previously had an objection

summarily rejected,[1] only to file an appeal,[2] which was ultimately dismissed for Ference's failure to file necessary documents.[3] Class Counsel has further learned that Ference "appears to be part of a family of professional objectors." *Retta v. Millennium Prod., Inc.*, No. CV15-1801 PSG AJWX, 2017 WL 5479637, at *7 (C.D. Cal. Aug. 22, 2017) (citing additional rejected objections of Justin Ference, in addition to overruled objections of Brittany Ference and David Jay Ference). Indeed, Ference's counsel here has previously represented another member of the Ference serial objector family identified in *Retta*, David Jay Ference, in an objection.[4] That appeal was likewise abandoned.[5] And one of the Class Counsel law firms (Tycko & Zavareei LLP) is currently seeking approval of a settlement before the Northern District of California and is facing an objection by yet another member of the family of objectors—Justin Ference—which was filed just three days after the Ference objection herein.[6] Like Ference, Neumann has also filed several appeals of class settlements, only to later abandon them after delaying payment to the class members. (*See* Dkt. 176 at 27 n.9.)

Ference and Neumann have now filed notices of appeal, halting any distribution of settlement funds to class members.  Because the appeals are of frivolous and meritless objections, and because their status as repeat profession and serial objections (one from a family of such objectors), imposing an appeal bond on both is appropriate here.

---

[1] *See Mehigan v. Ascena Retail Grp.*, No. 2:15-cv-00724-MAK (E.D. Pa.), Dkts. 105 (objection) and 183 (opinion rejecting objection).

[2] *Id.* at Dkt. 196 (notice of appeal).

[3] Ex. 1, Appeal Docket.

[4] *See Volz v. The Coca-Cola Co.*, No. 1:10-cv-00879-MRB-SKB (S.D. Ohio), Dkt. 69 (notice of appearance of Simina Vourlis on behalf of David Jay Ference).

[5] *See id.* at Dkt. 73.

[6] *See Koller v. Med Foods, Inc.*, No, 14-cv-2400 (RS) (N.D. Cal.), Dkt. 162.

## II.  LEGAL STANDARD

Under Appellate Rule 7, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "Rule 7 is designed to 'protect the right of appellees.'" *Gemelas v. Dannon Co.*, No. 1:08 CV 236, 2010 WL 3703811, at *1 (N.D. Ohio Aug. 31, 2010) (Polster, J.) (quoting *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998) and citing *In re Cardizen CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir.2004) (applying *Adsani* standard to Sixth Circuit evaluations of Rule 7 bonds)).

"The district court's decision to impose a bond and to determine its amount lies within the district court's discretion." *Id.*; *see also Adsani*, 139 F.3d. at 79; *In re Cardizem*, 391 F.3d at 818 (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 757 (D.C. Cir. 1980)); *Thom v. Am. Std., Inc.*, No. 3:07 CV 294, 2009 WL 2224086, at *1 (N.D. Ohio July 23, 2009) ("This standard is permissive, allowing a court to use its discretion as to whether the issuance of an appeal bond is necessary."); Fed. R. App. P. 7 Advisory Committee's Note, 1979 Amendment.

In deciding whether to impose a Rule 7 bond, courts typically consider: (1) the merits of the appeal; (2) appellant's financial ability to post a bond; (3) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful; and (4) whether the appellant has shown any bad faith or vexatious conduct. *See, e.g., Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 147-150 (S.D.N.Y. 1999).

## III.  THE COURT SHOULD REQUIRE AN APPELLATE BOND

### A.  The Appeals Lack Merit.

In determining whether to set a bond, a court should primarily take into account the likelihood that the objectors' appeal will be unsuccessful. *See, e.g.*, *In re Cardizem*, 391 F.3d at 817-18; *Adsani*, 139 F.3d at 79 (affirming the district court's imposition of an appeal bond after "look[ing] to the merits of the appeal itself" and determining that appellant's case was found to be "objectively

unreasonable"); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 129 (S.D.N.Y. 1999) (class member who filed notice of appeal from settlement required to post an appeal bond because the court found the appellant's position "objectively unreasonable"); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003) (considering whether appeal "might be frivolous" in deciding whether to impose a bond).

The standard of review for approval of a class action settlement is abuse of discretion. *Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008). Ference will be required to demonstrate that this court abused its discretion in finding that the proposed settlement is "fair, adequate and reasonable." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). And "[f]actual findings regarding notice"— one of the bases for Neumann's objection—"are reviewed for clear error." *Id.* (citing *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 942 (10th Cir. 2005)).

The issues Ference and Neumann did raise, are well within the Court's discretion to decide: (1) whether the Settlement was subject to and ultimately satisfied additional requirements imposed on "coupon settlements"; (2) whether the attorney fees and expenses were reasonable; (3) whether there was collusion between the parties in settlement negotiations; (4) whether the incentive award was appropriate; (5) whether the class definition excluded purchasers of newly formulated Up & Up wipes; and (6) whether the substance of the notice was appropriate.  The Court considered and rejected these arguments.

"It is well settled law that [Sixth Circuit] Court[s] will not consider an error or issue which could have been raised below but was not." *Niecko v. Emro Marketing Co.,* 973 F.2d 1296, 1299 (6th Cir.1992) (citing *White v. Anchor Motor Freight, Inc.,* 899 F.2d 555, 559 (6th Cir.1990)).  Objectors are therefore restricted to those objections raised in this Court in their appeals.  Objectors cannot credibly claim the Court abused its discretion on these issues.  Thus, the appeal will fail.

Where the Court has considered the objections at issue and rejected them, within the Court's discretion, there is a strong basis to impose a bond on appeal.  This is particularly true because "courts have discretion to impose appeal bonds to prevent frivolous, unreasonable or groundless litigation." *Gemelas*, 2010 WL 3703811 at *2 (finding the "appeal to be frivolous, unreasonable and groundless.").  Because Objectors' arguments were considered and rejected, and because the Court was exercising its discretion, the appeal lacks merit and a bond should be required.

      1.      *The Settlement Was Not A "Coupon Settlement," But, Regardless, Attorneys' Fees May Be Calculated Using The Lodestar Method*

Ference's primary argument was that the Settlement was a "coupon settlement" under the Class Action Fairness Act ("CAFA") and was therefore subject to different attorneys' fee requirements. Plaintiff presented significant case law at final approval demonstrating that where, like here, settlement relief such as the gift cards and free product coupons here do not require class members to spend additional money to obtain the settlement benefit, it is not a "coupon settlement." *See Seebrook v. Children's Place Retail Stores, Inc.*, No. C 11-837-CW, 2013 WL 6326487, at *1-2 (N.D. Cal. Dec. 4, 2013); *Foos c. Ann, Inc.*, No. 11cv2794, 2013 WL 5352969, at *4 (S.D. Cal. Sept. 24, 2013); *Chalkin v. Lululemon USA Inc.*, No. 3:12-CV-02481-GPC-MDD, 2014 WL 1245461, at *5 (S.D. Cal. Mar. 17, 2014); *Morey v. Louis Vuitton N.A., Inc.*, No. 11cv1517 WQH (BLM), 2014 WL 109194, at *8 (S.D. Cal. Jan. 9, 2014); *Browning v. Yahoo! Inc.*, 2007 WL 4105971, at *4-5 (N.D. Cal. Nov. 16, 2007); (*see also* Dkt. 176 at 21-23). Plaintiffs likewise presented case law demonstrating that even if the Court were to find that the Settlement was a coupon settlement (which it should not have, and did not), case law from across the country supports a lodestar-based attorneys' fee award. *See John T. Galloway v. The Kansas City Landsmen, LLC,* 833 F.3d 969, 974-75 (8th Cir. 2016); *In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 709 (7th Cir. 2015); *Blessing v. Sirius XM Radio, Inc.*, 507 F. App'x 1, 5 (2d Cir. 2012); *In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, No. 08-0309, 2011 WL 1790603, at *10 (W.D. Mo. May 10, 2011); *Perez v. Asurion Corp.*, No. 06-20734-CIV, 2007 WL

2591180, at *2 (S.D. Fla. Aug. 8, 2007); (*see also* Dkt. 176 at 23-25). Thus, the Court's finding that the Settlement was not a coupon settlement and that, in any event, an attorneys' fee award using the lodestar approach would be permissible (Dkt. 179 ¶ 13) was supported by the law and facts and not an abuse of discretion.

2.      *The Attorney Fees And Expenses Were Carefully Evaluated And Well Within The Court's Discretion.*

Both objectors challenged the attorneys' fee award in this matter. The Court carefully considered the attorney fees and expenses award, both in briefing and at the final fairness hearing. The decision included a careful evaluation of the lodestar methodology, crediting Class Counsel's hourly rates as reasonable and summaries of billing records sufficient, along with the fact that the attorneys' fees requested were well below Class Counsel's actual lodestar. (*Id.* ¶¶ 13, 15.) Although a percentage of the fund cross-check is "optional" under Sixth Circuit precedent, *see Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 286-87 (6th Cir. 2016), the Court found that it had sufficient information regarding the benefits made available to Class Members in order to find that, while the lodestar approach more than justified Class Counsel's fee request, it was likewise supported by a percentage-of-the-fund crosscheck. (*Id.*) Thus, Objectors cannot succeed in this appeal under the abuse of discretion and plain error standards.

3.      *There Was No Collusion Between The Parties In Settlement Negotiations*

Ference made generalized references to case law about preventing against collusion in class settlements. (Dkt. 173 at 5.) However, she made no argument as to why any collusion is present here. (*Id.*) And in any event, the Court made specific findings, with reference to the facts and case law, regarding the absence of collusion:

> Despite Ference's unsupported claim to the contrary, the Court finds that the Settlement was negotiated free of collusion, as the case was thoroughly litigated prior to the Settlement, with a certified class, *see Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009) (observing that "the duration and complexity of the litigation," which included four years of litigating before a settlement was reached, undermined

7

any claims of collusion), that the attorneys' fees at issue were not negotiated until all other material terms of the Settlement were agreed upon, and that the Settlement was negotiated with the assistance of a respected neutral and this Court. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 204 F.R.D. 330, 350-51 (N.D. Ohio 2001); *v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 WL 3862363, at *15 (N.D. Ohio Sept. 1, 2011).

(Dkt. 179 ¶ 13.) Thus, Ference cannot succeed on an appeal on this point on an abuse of discretion standard.

### 4. The Incentive Award Was Appropriate

Both Objectors made unsupported challenges to the $10,000 incentive award to Plaintiff. In his motion for attorneys' fees, expenses, and an incentive award, Plaintiff provided significant support for an incentive award of this size. *See Liberte Capital Grp. V. Capwill*, No. 5:99-cv-818, 2007 WL 2492461, at *1 (N.D. Ohio Aug. 29, 2007) ("Incentive awards, where appropriate, generally range from a few thousand dollars to $85,000"); *see also Chakejian v. Equifax Info. Servs., LLC*, 275 F.R.D. 201, 220-21 (E.D. Pa. 2011) (approving $15,000 service awards where the named plaintiffs "participated substantially and crucially in the litigation," one "appeared for trial," two "were deposed, and all three . . . made themselves generally available for consultation with counsel as necessary"); (*see also* Dkt. 172 at 16-18). The Court explicitly considered and rejected Objectors' unsupported challenges to the contrary. (*Id.* ¶¶ 13, 15.) Thus, because these findings were supported by the law, they will not be reserved under an abuse of discretion standard.

### 5. The Class Definition Did Not Exclude Subsequent Purchasers

Neumann's primary factual challenge to the Settlement was that the class definition somehow excluded subsequent purchasers of reformulated Up & Up wipes. This argument was essentially factual in nature. Although Plaintiff continues to submit that this argument was based on a willful misreading of the class definition, Plaintiff also submitted evidence at final approval indicating that the claims administrator did not receive a single inquiry on this subject (supported by a declaration from the claims administrator) and that the high claims rate in this case undermined

any suggestion that Class Members were so confused as to not submit a claim. (Dkt. 176 at 28-29; Dkt. 176-3 ¶ 14.) The Court explicitly credited this evidence in rejecting Neumann's arguments regarding the class definition. (Dkt. 179 ¶ 15.) Thus, Neumann will not succeed on an appeal under an abuse of discretion standard.

### 6. The Notice Was Adequate

Neumann also advanced a factual argument regarding the substance of the notice and settlement website. As an initial matter, challenges such as this are subject to an even higher "clear error" standard, not just abuse of discretion. *Williams*, 720 F.2d at 921. Further, as Plaintiff established in final approval briefing, Neumann makes a habit of complaining about purported typographical issues with class notices and settlement websites, which other courts have rejected. *See Wilkins v. HSBC Bank Nevada, N.A.*, No. 14 C 190, 2015 WL 890566, at *8 (N.D. Ill. Feb. 27, 2015). Courts elsewhere have made similar findings. *See, e.g., Nieberding v. Barrette Outdoor Living, Inc.*, 129 F. Supp. 3d 1236, 1247 (D. Kan. 2015) (typographical error in notice "not a material defect"); *Arnett v. Bank of Am., N.A.*, 2014 WL 4672458, at *3 n.7 (D. Or. Sept. 18, 2014) (granting final approval motion where notice contained error in date of final approval hearing); *In re Processed Egg Antitrust Litig.*, 284 F.R.D. 278, 295 n.16 (E.D. Pa. 2012) (approving settlement in spite of "inadvertent typo" in notice). The Court also observed that the settlement administrator's declaration rendered Neumann's claims regarding the substance of the settlement website to be factually inaccurate, and that Class Members had "more than adequate notice of the Settlement, including Class Counsel's attorneys' fee request and the objection deadline." (Dkt. 179 ¶ 15.) Thus, like all of Objectors' other objections, Neumann's arguments on this point cannot possibly overcome an abuse of discretion standard.

9

## B.  Objectors Have The Financial Ability To Post A Bond.

It is Objectors' burden to demonstrate that the bond would constitute a barrier to his appeal. *In re: Cardizem CD Antitrust Lit.*, 391 F.3d 812, 818 (6th Cir.2004). Absent evidence to the contrary, Courts should presume ability to pay. *In re Initial Pub. Offering Securities Litigation*, 728 F.Supp.2d 289, 293 (S.D.N.Y.2010) ("[T]he Objectors have not presented any evidence demonstrating that they lack the financial ability to post a bond. Accordingly, the Objectors' ability to do so is presumed.").

Neumann, Ference and members of Ference's family have repeatedly submitted objections to class settlements and not appeared at the fairness hearing. *See* Section I, *supra*. Ference's family has routinely adopted the same course of conduct, including in an objection in which Ference's counsel here was the attorney. *See id*. And Neumann has likewise appealed settlements only to later abandon appeals without briefing them. *See id*. As Judge Polster found in the Dannon class action settlement appeal, when someone makes routine objections, does not appear at the fairness hearing, and appeals, presumably he or she has the money to post a bond:

> Additionally, Plaintiffs have shown that this is the *fourth* class action of which he claims to be a class member, has filed rote objections, does not appear at the fairness hearing and then appeals the district courts' rulings granting final approval for class action settlements. It costs $450 to file an appeal. He apparently has the funds to appeal class action settlements.

*Gemelas*, 2010 WL 3703811, at *2. The same reasoning merits in favor of a bond here.

## C.  There Is Significant Risk The Appellant Would Not Pay Appellee's Costs If The Appeal Is Unsuccessful.

Neumann is a resident of Florida, according to his objection papers. (Dkt. 174 at 11.) Where an objector will likely be outside the Sixth Circuit, this factor weighs in favor of imposing a bond. *In re Initial Pub. Offering Sec. Litig.,* No. 21 MC 92, 2010 WL 2884794, at *1-5 (S.D.N.Y. July 20,2010); *Fleury v. Richemont N. America, Inc.*, 2008 WL 4680033, *7 (Oct. 21, 2008) ("Ms. Meyer is not a resident of California, nor does she reside in a state within the Ninth Circuit . . . which arguably

would make it more difficult for the Settling Parties to collect their costs should they prevail on the appeal. This factor weighs in favor of a bond.").

### D. Public Policy Weighs In Favor Of Requiring A Bond For A Repeat Objector.

As Judge Polster noted in providing for an appeal bond for a serial objector raising issues unlikely to be reversed on appeal, public policy weighs in favor of imposing a bond:

> Finally, "there are public policy reasons to prevent frivolous objectors from threatening to hold up class distributions." *In re Pharm. Inc.,* 520 F.Supp.2d 274, 279 (D. Mass. 2007). Serial objectors such as [objector] should not be encouraged to continue holding up valuable settlements for class members by filing frivolous appeals.

*Gemelas*, 2010 WL 3703811, *2. Similarly, in *Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986-CV, 2006 WL 1132371 (S.D. Fla. Apr. 7, 2006), when the district court entered final approval of a class action settlement, it cautioned that any professional objector planning to pursue an appeal of the settlement would be required to post a bond in the amount of $13.5 million because of the damage such an appeal would inflict on the class.

> I make this conclusion because any appeal of this Order as to the entire class stays both the entry of final judgment on all claims in the Claims Administration Process and payment to all Class members. Accordingly, the highly detrimental impact of an appeal of the settlement agreement as to the entire class renders it appropriate for the Court to require [objector] to post an appeal bond pursuant to Federal Rule of Appellate Procedure 7.

*Id.* at *18.

The Objectors/Appellants' actions here are brought only in self-interest, and impede the substantial relief that will benefit the Class. Such selfish and dilatory tactics should not be condoned. At a minimum, given the serial nature of the objections, the imposition of a Rule 7 appeal bond is necessary to protect the interests of appellees and the class as a whole.

## IV. THE COURT SHOULD IMPOSE A BOND AMOUNT OF $80,000

"The district court's decision to impose a bond and to determine its amount lies within the district court's discretion." *Gemelas*, 2010 WL 3703811, *1 (citing *Adsani*, 139 F.3d at 79; *In re*

11

*Cardizem*, 391 F.3d at 818). Plaintiffs propose a bond amount of $80,000 which includes costs associated with the appeal (excluding attorney fees), administrative costs anticipated will be incurred by delaying class distribution, and attorney fees based on the frivolous nature of the appeal.  These amounts represent new costs being incurred on behalf of the class because of Objectors' decision to file an appeal with no reasonable likelihood of success.

Plaintiffs anticipate $25,000 in preparation and filing costs for appellate briefing and oral argument.   While Rule 7 does not require plaintiffs to make any "showing of costs for a bond motion," *In re Ins. Brokerage*, 2007 WL 1963063, at *3, courts routinely apply $25,000 as a minimum benchmark amount of costs for appeals to class action settlements. *See, e.g.*, *In re Initial Pub. Offering*, 2010 WL 2884794, at *5 (assessing $25,000 on settlement objectors for cost aspects of Rule 7 bond); *In re Ins. Brokerage*, 2007 WL 1963063, at *3-5 (imposing a "reasonable" $25,000 appeal bond for objectors to class settlement based on line of precedent); *In re Compact Disc*, 2003 WL 22417252, at *2 ($35,000 appeal bond); *In re Currency Conversion Fee*, 2010 U.S. Dist. LEXIS 27605, at *9 ($50,000 appeal bond).

The Claims Administrator estimates there will be an additional $15,000 to $18,000 in costs from continuing administration of the class—including costs of project oversight, website maintenance, providing class members information via email, and keeping the telephone hotline open—as a direct result of an up to 18-month delay from appeal.   (Exhibit 2, Tilghman Declaration.) When an appeal involves a settled class action, Courts can add additional costs likely to be incurred through the delay of administering the class action or providing notice to class members. *See, e.g.*, *In re General Elec. Co. Securities Litigation*, 87 Fed. R. Serv. 3d 1397 (S.D.N.Y. 2014) (noting that a piece of the appeal bond was the $5,000 cost of maintaining the settlement's telephone hotline during the appellate period); *In re Netflix Privacy Litigation*, 2013 WL 6173772, *4 (N.D. Cal. 2013) (approving appeal bond totaling $21,519 from each individual objector including administrative

costs for "maintaining and administering the settlement website and toll-free phone number, answering questions from class members, managing and filing taxes for the settlement and escrow account, and paying monthly storage costs"); *Tennille v. Western Union Company*, 2013 WL 5716877 (D. Colo. 2013) (reapproving, on reconsideration, appeal bond of $1,007,294, primarily composed of costs of sending notice to the class of the appeal and administrative costs); *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (imposing bond amount including $39,150 associated with additional settlement administration costs); *In re Nutella Marketing and Sales Practices*, 2012 WL 6013276, *2 (D.N.J. 2012), appeal dismissed, (3rd Cir 12-4424) (June 10, 2014) (concluding that "administrative costs can be secured by a Rule 7 bond"); *Miletak v. Allstate Ins. Co.*, 2012 WL 3686785, *2 (N.D. Cal. 2012) (allowing bond including $50,000 in additional settlement administrative costs). Using the lower, more conservative estimate, the Court should add $15,000 to the appeal bond.

Finally, Plaintiffs anticipate at least 100 hours will be wasted on an appeal that has no likelihood of success, conservatively representing another $40,000 in recoverable costs should the appeal be found frivolous. (Stuart E. Scott Declaration, Exhibit 3.)  Where a district court determines an appeal has little chance of success, the district court may impose a bond amount for attorneys' fees likely to be incurred because of the frivolous appeal. Indeed, in *Gemelas*, this Court found $250,000 to be an appropriate amount of attorneys' fees related to fighting a frivolous appeal. 2010 WL 3703811, at *2; *see also, e.g., Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959-60 (9th Cir. 2007); *Young v. New Process Steel, LP*, 419 F.3d 1201, 1206 (11th Cir.2005).  Thus, the amount sought here is likely a conservative underestimate. Imposing another $40,000 in a bond is warranted given the frivolous nature of this appeal, which will not succeed under the applicable abuse of discretion and clear error standard.

As such, a bond amount of $80,000 is appropriate. Because two objectors have filed appeals here, Plaintiff proposes that each Objector be responsible for half, for a total of $40,000 each.

## V.      CONCLUSION

The Court should impose two bonds in the amount of $40,000 each, on Objectors Ference and Neumann.

Dated:  September 7, 2018

/s/ Hassan A. Zavareei
HASSAN A. ZAVAREEI (pro hac vice)
JONATHAN K. TYCKO (pro hac vice)
ANDREW J. SILVER (pro hac vice)
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 973-0900
(202) 973-0950 (FAX)
hzavareei@tzlegal.com
jtycko@tzlegal.com
asilver@tzlegal.com

DENNIS R. LANSDOWNE (0026036)
STUART E. SCOTT  (0064834)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
dlansdowne@spanglaw.com
sscott@spanglaw.com
dfrech@spanglaw.com

*Attorneys for Plaintiff Christopher Meta and the Class*

## **CERTIFICATE OF SERVICE**

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. A true and correct copy of the foregoing was served electronically on Defendants' counsel of record. Copies will be served on Objectors' counsel by electronic mail and/or U.S. Mail.

/s/ Andrew J. Silver
Andrew J. Silver

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER META, On Behalf Of ) CASE NO. 4:14-CV-0832
Himself And All Other Similarly Situated )
)
Plaintiff, )
) JUDGE HON. DONALD C. NUGENT
vs. )
)
TARGET CORPORATION, et al., )
)
Defendants. )

## DECLARATION OF L. STEPHENS TILGHMAN REGARDING ADMINISTRATION COSTS IF FINAL APPROVAL IS DELAYED BY APPEAL

I, L. Stephens Tilghman, declare as follows:

1.      I am over 21 years of age and am not a party to this action.

2.      I am president of Tilghman & Co. (Tilghman) in the above-captioned action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

3.      I am aware that two appeals to the final approval of the settlement in the matter have been filed.

4.      Based on my experience and current knowledge of this action, assuming the appeals process takes 18 months to complete, Tilghman's costs for settlement administration would increase by an estimated $15,000 - $18,000.

5.      This estimate covers the additional time and charges related to the following major tasks:

    a.      Project oversight and management;

    b.      Maintenance and hosting of the website; responding to emails submitted from the website;

      c.     Toll-free charges and staff time to answer class member questions; and

      d.     Providing class claimants information regarding the appeal via email.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Dated this 6th day of September 2018.

L. STEPHENS TILGHMAN

Exhibit 2

**General Docket**
**Third Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 16-3409 | **Docketed:** 08/19/2016 |
| **Nature of Suit:** 4190 Other Contract Actions | **Termed:** 10/25/2016 |
| Melinda Mehigan, et al v. Ascena Retail Group Inc, et al | |
| **Appeal From:** United States District Court for the Eastern District of Pennsylvania | |
| **Fee Status:** Paid | |

**Case Type Information:**
   **1)** civil
   **2)** private
   **3)** Diversity

**Originating Court Information:**
   **District:** 0313-2 : 2-15-cv-00724
   **Trial Judge:** Mark A. Kearney, U.S. District Judge
   **Date Filed:** 02/12/2015

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** |
|---|---|---|
| 07/29/2016 | 07/29/2016 | 08/16/2016 |

**Prior Cases:**
  None

**Current Cases:**
  None

---

MELINDA MEHIGAN
     Plaintiff - Appellee

Anthony J. Coyne, Esq.
Direct: 216-523-1500
Email: acoyne@mggmlpa.com
[Retained]
Mansour Gavin
1001 Lakeside Avenue
North Point Tower, Suite 1400
Cleveland, OH 44114

Brendon P. Friesen, Esq.
Direct: 216-523-1500
Email: bfriesen@mggmlpa.com
[Retained]
Mansour Gavin
1001 Lakeside Avenue
North Point Tower, Suite 1400
Cleveland, OH 44114

Ernest P. Mansour, Esq.
Direct: 216-523-1500
Email: emansour@mggmlpa.com
[Retained]
Mansour Gavin
1001 Lakeside Avenue
North Point Tower, Suite 1400
Cleveland, OH 44114

Robert G. Mansour, Esq.
Email: rmansour@competitivetitle.net
[Retained]
23611 Chargrin Boulevard
Suite 270
Shaker Heights, OH 44122

Alexander M. Owens, Esq.
Direct: 215-988-1453
Email: amo@pietragallo.com
Fax: 215-754-5184
[COR NTC Retained]
Pietragallo Gordon Alfano Bosick & Raspanti
1818 Market Street

Suite 3402
Philadelphia, PA 19103

William A. Pietragallo, II, Esq.
Direct: 412-263-1818
Email: wp@pietragallo.com
Fax: 412-263-4200
[COR NTC Retained]
Pietragallo Gordon Alfano Bosick & Raspanti
301 Grant Street
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

Kevin E. Raphael, Esq.
Direct: 215-320-6200
Email: ker@pietragallo.com
Fax: 215-981-0082
[COR NTC Retained]
Pietragallo Gordon Alfano Bosick & Raspanti
1818 Market Street
Suite 3402
Philadelphia, PA 19103

Edward H. Skipton, III, Esq.
Email: ehs@pietragallo.com
[Retained]
Pietragallo Gordon Alfano Bosick & Raspanti
1818 Market Street
Suite 3402
Philadelphia, PA 19103

Edward J. Westlow, Esq.
Direct: 804-780-0305
Email: ejw@whitehall1756.us
[Retained]
1111 East Main Street
16th Floor
Richmond, VA 23219

FONDA KUBIAK
  Plaintiff - Appellee

Anthony J. Coyne, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Brendon P. Friesen, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Ernest P. Mansour, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Robert G. Mansour, Esq.
[Retained]
(see above)

Alexander M. Owens, Esq.
Direct: 215-988-1453
[COR NTC Retained]
(see above)

William A. Pietragallo, II, Esq.
Direct: 412-263-1818
[COR NTC Retained]
(see above)

Kevin E. Raphael, Esq.
Direct: 215-320-6200

[COR NTC Retained]
(see above)

Edward H. Skipton, III, Esq.
[Retained]
(see above)

Edward J. Westlow, Esq.
Direct: 804-780-0305
[Retained]
(see above)

MARGUERITE SINKLER GILDER
    Plaintiff - Appellee

Anthony J. Coyne, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Brendon P. Friesen, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Ernest P. Mansour, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Robert G. Mansour, Esq.
[Retained]
(see above)

Alexander M. Owens, Esq.
Direct: 215-988-1453
[COR NTC Retained]
(see above)

William A. Pietragallo, II, Esq.
Direct: 412-263-1818
[COR NTC Retained]
(see above)

Kevin E. Raphael, Esq.
Direct: 215-320-6200
[COR NTC Retained]
(see above)

Edward H. Skipton, III, Esq.
[Retained]
(see above)

Edward J. Westlow, Esq.
Direct: 804-780-0305
[Retained]
(see above)

CAROLINE MANSOUR
    Plaintiff - Appellee

Anthony J. Coyne, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Brendon P. Friesen, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Ernest P. Mansour, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Robert G. Mansour, Esq.
[Retained]
(see above)

Alexander M. Owens, Esq.
Direct: 215-988-1453
[COR NTC Retained]
(see above)

William A. Pietragallo, II, Esq.
Direct: 412-263-1818
[COR NTC Retained]
(see above)

Kevin E. Raphael, Esq.
Direct: 215-320-6200
[COR NTC Retained]
(see above)

Edward H. Skipton, III, Esq.
[Retained]
(see above)

Edward J. Westlow, Esq.
Direct: 804-780-0305
[Retained]
(see above)

CAROL ROUGVIE
        Plaintiff - Appellee

Anthony J. Coyne, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Brendon P. Friesen, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Ernest P. Mansour, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Robert G. Mansour, Esq.
[Retained]
(see above)

Alexander M. Owens, Esq.
Direct: 215-988-1453
[COR NTC Retained]
(see above)

William A. Pietragallo, II, Esq.
Direct: 412-263-1818
[COR NTC Retained]
(see above)

Kevin E. Raphael, Esq.
Direct: 215-320-6200
[COR NTC Retained]
(see above)

Edward H. Skipton, III, Esq.
[Retained]
(see above)

Edward J. Westlow, Esq.
Direct: 804-780-0305
[Retained]
(see above)

TIFFANY BOLTON
        Plaintiff - Appellee

Anthony J. Coyne, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Brendon P. Friesen, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Ernest P. Mansour, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Robert G. Mansour, Esq.
[Retained]
(see above)

Alexander M. Owens, Esq.
Direct: 215-988-1453
[COR NTC Retained]
(see above)

William A. Pietragallo, II, Esq.
Direct: 412-263-1818
[COR NTC Retained]
(see above)

Kevin E. Raphael, Esq.
Direct: 215-320-6200
[COR NTC Retained]
(see above)

Edward H. Skipton, III, Esq.
[Retained]
(see above)

Edward J. Westlow, Esq.
Direct: 804-780-0305
[Retained]
(see above)

KARA BELL
        Plaintiff - Appellee

Anthony J. Coyne, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Brendon P. Friesen, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Ernest P. Mansour, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Robert G. Mansour, Esq.
[Retained]
(see above)

Alexander M. Owens, Esq.
Direct: 215-988-1453
[COR NTC Retained]
(see above)

William A. Pietragallo, II, Esq.
Direct: 412-263-1818
[COR NTC Retained]

(see above)

Kevin E. Raphael, Esq.
Direct: 215-320-6200
[COR NTC Retained]
(see above)

Edward H. Skipton, III, Esq.
[Retained]
(see above)

Edward J. Westlow, Esq.
Direct: 804-780-0305
[Retained]
(see above)

CAROL M. COWHEY
         Plaintiff - Appellee

Anthony J. Coyne, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Brendon P. Friesen, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Ernest P. Mansour, Esq.
Direct: 216-523-1500
[Retained]
(see above)

Robert G. Mansour, Esq.
[Retained]
(see above)

Alexander M. Owens, Esq.
Direct: 215-988-1453
[COR NTC Retained]
(see above)

William A. Pietragallo, II, Esq.
Direct: 412-263-1818
[COR NTC Retained]
(see above)

Kevin E. Raphael, Esq.
Direct: 215-320-6200
[COR NTC Retained]
(see above)

Edward H. Skipton, III, Esq.
[Retained]
(see above)

Edward J. Westlow, Esq.
Direct: 804-780-0305
[Retained]
(see above)

v.

ASCENA RETAIL GROUP INC, DBA Justice Stores
         Defendant - Appellee

Ezra D. Church, Esq.
Direct: 215-963-5710
Email: echurch@morganlewis.com
[COR NTC Retained]
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103

Andrew W. Katz, Esq.

|  |  |
|---|---|
|  | Direct: 215-963-5057 |
|  | Email: andrew.katz@morganlewis.com |
|  | [COR NTC Retained] |
|  | Morgan Lewis & Bockius |
|  | 1701 Market Street |
|  | Philadelphia, PA 19103 |
|  |  |
|  | Christopher J. Mannion, Esq. |
|  | Email: christopher.mannion@usdoj.gov |
|  | [Retained] |
|  | Morgan Lewis & Bockius |
|  | 1701 Market Street |
|  | Philadelphia, PA 19103 |
|  |  |
|  | Gregory T. Parks, Esq. |
|  | Direct: 215-963-5170 |
|  | Email: gparks@morganlewis.com |
|  | Fax: 215-963-5000 |
|  | [COR NTC Retained] |
|  | Morgan Lewis & Bockius |
|  | 1701 Market Street |
|  | Philadelphia, PA 19103 |
| TWEEN BRANDS INC, DBA Justice Stores<br>         Defendant - Appellee | Ezra D. Church, Esq.<br>Direct: 215-963-5710<br>[COR NTC Retained]<br>(see above) |
|  |  |
|  | Andrew W. Katz, Esq. |
|  | Direct: 215-963-5057 |
|  | [COR NTC Retained] |
|  | (see above) |
|  |  |
|  | Gregory T. Parks, Esq. |
|  | Direct: 215-963-5170 |
|  | [COR NTC Retained] |
|  | (see above) |
|  |  |
|  | Michael N. Ungar, Esq. |
|  | Email: mungar@ulmer.com |
|  | [Retained] |
|  | Ulmer & Berne |
|  | 1300 East Ninth Street |
|  | Suite 900 |
|  | Cleveland, OH 44114 |
|  |  |
|  | David D. Yeagley, Esq. |
|  | Direct: 216-583-7217 |
|  | Email: dyeagley@ulmer.com |
|  | [Retained] |
|  | Ulmer & Berne |
|  | 1660 West 2nd Street |
|  | Suite 1100 |
|  | Cleveland, OH 44113 |
| ------------------------------- |  |
| SHEILA FERENCE<br>         Appellant | Mardi Harrison, Esq.<br>Direct: 267-252-1035<br>Email: mardi@suetheboss.com<br>Fax: 267-552-6248<br>[NTC Retained]<br>125 Edison Furlong Road<br>Doylestown, PA 18901 |

MELINDA MEHIGAN; FONDA KUBIAK;
MARGUERITE SINKLER GILDER;
CAROLINE MANSOUR; CAROL ROUGVIE;
TIFFANY BOLTON; KARA BELL; CAROL COWHEY

v.

ASCENA RETAIL GROUP INC, DBA Justice Stores;
TWEEN BRANDS INC d/b/a Justice Stores

    *Sheila Ference,
                Appellant

    *(Pursuant to Rule 12(a), Fed .R. App. P.)

| | |
|---|---|
| 08/19/2016<br>94 pg, 14.61 MB | CIVIL CASE DOCKETED. Notice filed by Appellant Sheila Ference in District Court No. 2-15-cv-00724. (PDB) [Entered: 08/19/2016 05:09 PM] |
| 08/19/2016 | RECORD available on District Court CM/ECF. (PDB) [Entered: 08/19/2016 05:11 PM] |
| 08/24/2016 | Notice received from the district court that the docketing and filing fees were paid by the appellant on 08/22/2016. (PDB) [Entered: 08/24/2016 01:47 PM] |
| 08/29/2016<br>1 pg, 357.85 KB | ECF FILER: ENTRY OF APPEARANCE from Gregory T. Parks on behalf of Appellee(s) Ascena Retail Group, Inc., Tween Brands, Inc.. (GTP) [Entered: 08/29/2016 12:24 PM] |
| 08/29/2016<br>2 pg, 489.61 KB | ECF FILER: DISCLOSURE STATEMENT on behalf of Appellee Ascena Retail Group Inc, filed. (GTP) [Entered: 08/29/2016 12:24 PM] |
| 08/29/2016<br>2 pg, 495.33 KB | ECF FILER: DISCLOSURE STATEMENT on behalf of Appellee Tween Brands Inc, filed. (GTP) [Entered: 08/29/2016 12:25 PM] |
| 09/02/2016<br>2 pg, 76.62 KB | CLERK ORDER Consolidating the Appeals at Nos. 16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518 & 16-3519 for scheduling, joint appendix and disposition, filed. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (SB) [Entered: 09/02/2016 03:37 PM] |
| 09/09/2016<br>3 pg, 24.54 KB | FOLLOW UP LETTER to Anthony J. Coyne, Esq. for Melinda Mehigan, Fonda Kubiak, Marguerite Sinkler Gilder, Caroline Mansour, Carol Rougvie, Tiffany Bolton, Kara Bell and Carol M. Cowhey, Brendon P. Friesen, Esq. for Melinda Mehigan, Fonda Kubiak, Marguerite Sinkler Gilder, Caroline Mansour, Carol Rougvie, Tiffany Bolton, Kara Bell and Carol M. Cowhey, Ernest P. Mansour, Esq. for Melinda Mehigan, Fonda Kubiak, Marguerite Sinkler Gilder, Caroline Mansour, Carol Rougvie, Tiffany Bolton, Kara Bell and Carol M. Cowhey, Robert G. Mansour, Esq. for Melinda Mehigan, Fonda Kubiak, Marguerite Sinkler Gilder, Caroline Mansour, Carol Rougvie, Tiffany Bolton, Kara Bell and Carol M. Cowhey, William A. Pietragallo, II, Esq. for Melinda Mehigan, Fonda Kubiak, Marguerite Sinkler Gilder, Caroline Mansour, Carol Rougvie, Tiffany Bolton, Kara Bell and Carol M. Cowhey, Edward H. Skipton, III, Esq. for Melinda Mehigan, Fonda Kubiak, Marguerite Sinkler Gilder, Caroline Mansour, Carol Rougvie, Tiffany Bolton, Kara Bell and Carol M. Cowhey and Edward J. Westlow, Esq. for Melinda Mehigan, Fonda Kubiak, Marguerite Sinkler Gilder, Caroline Mansour, Carol Rougvie, Tiffany Bolton, Kara Bell and Carol M. Cowhey requesting the following document(s): Appearance Form on or before 09/23/2016. (PDB) [Entered: 09/09/2016 12:42 PM] |
| 09/09/2016<br>2 pg, 23.04 KB | FOLLOW UP LETTER to Mardi Harrison, Esq. for Sheila Ference requesting the following document(s): Appearance Form on or before 09/23/2016. Information Statement on or before 09/23/2016. Transcript Purchase Order on or before 09/23/2016. Concise Summary on or before 09/23/2016. Disclosure Statement on or before 09/23/2016. (PDB) [Entered: 09/09/2016 12:47 PM] |
| 09/16/2016<br>4 pg, 209.38 KB | ECF FILER: Motion filed by Appellees Kara Bell, Tiffany Bolton, Carol M. Cowhey, Marguerite Sinkler Gilder, Fonda Kubiak, Caroline Mansour, Melinda Mehigan and Carol Rougvie in 16-3381, 16-3409, 16-3421, 16-3472, 16-3471, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, Appellees Kara Bell, Tiffany Bolton, Carol M. Cowhey, Marguerite Sinkler Gilder, Fonda Kubiak, Caroline Mansour and Carol Rougvie in 16-3519 for Extension of Time to file Motion to Expedite until/for 7 days. Certificate of Service dated 09/16/2016. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (KER) [Entered: 09/16/2016 04:54 PM] |
| 09/18/2016<br>1 pg, 60.22 KB | ECF FILER: ENTRY OF APPEARANCE from Andrew W. Katz on behalf of Appellee(s) Ascena Retail Group, Inc., Tween Brands, Inc.. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (AWK) [Entered: 09/18/2016 10:21 PM] |
| 09/18/2016<br>1 pg, 59.33 KB | ECF FILER: ENTRY OF APPEARANCE from Ezra D. Church on behalf of Appellee(s) Ascena Retail Group, Inc., Tween Brands, Inc.. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (EDC) [Entered: 09/18/2016 10:30 PM] |
| 09/19/2016<br>1 pg, 51 KB | ECF FILER: ENTRY OF APPEARANCE from Alexander M. Owens on behalf of Appellee(s) Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell, Tiffany Bolton. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (AMO) [Entered: 09/19/2016 01:09 PM] |
| 09/19/2016<br>1 pg, 50.05 KB | ECF FILER: ENTRY OF APPEARANCE from Kevin E. Raphael, Esquire on behalf of Appellee(s) Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell and Tiffany Bolton. [16-3518, 16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (KER) [Entered: 09/19/2016 01:34 PM] |
| 09/19/2016<br>2 pg, 23.18 KB | 2nd FOLLOW UP LETTER to Mardi Harrison, Esq. for Sheila Ference requesting the following document(s): Appearance Form on or before 10/03/2016. Disclosure Statement on or before 10/03/2016. Information Statement on or before 10/03/2016. Concise Summary on or before 10/03/2016. Transcript Purchase Order on or before 10/03/2016. (PDB) [Entered: 09/19/2016 04:32 PM] |
| 09/20/2016<br>1 pg, 74.01 KB | ECF FILER: ENTRY OF APPEARANCE from William Pietragallo, II on behalf of Appellee(s) Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell and |

| | | |
|---|---|---|
| | | Tiffany Bolton. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (WAP) [Entered: 09/20/2016 10:15 AM] |
| 09/22/2016 | ☐ 📄 1 pg, 71.62 KB | ORDER (Clerk) The Motion by Appellees for Extension of Time to File Motion to Expedite Pursuant to Third Circuit Local Appellate Rule 4.1 is granted. Appellees' motion to expedite appeal must be filed on or before September 23, 2016, filed. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (PDB) [Entered: 09/22/2016 05:25 PM] |
| 09/23/2016 | ☐ 📄 10 pg, 120.8 KB | ECF FILER: Motion filed by Appellees Kara Bell, Tiffany Bolton, Carol M. Cowhey, Marguerite Sinkler Gilder, Fonda Kubiak, Caroline Mansour, Melinda Mehigan and Carol Rougvie in 16-3381, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, Appellees Kara Bell, Tiffany Bolton, Carol M. Cowhey, Marguerite Sinkler Gilder, Fonda Kubiak, Caroline Mansour and Carol Rougvie in 16-3519 to Expedite Briefs. Certificate of Service dated 09/23/2016. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518, 16-3519] (KER) [Entered: 09/23/2016 04:31 PM] |
| 09/30/2016 | ☐ 📄 8 pg, 143.41 KB | ECF FILER: Response filed by Appellant Kelsey D. Foligno to Motion to Expedite. Certificate of Service dated 09/30/2016. [16-3515, 16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3516, 16-3517, 16-3518] (CAB) [Entered: 09/30/2016 12:49 PM] |
| 10/03/2016 | ☐ 📄 5 pg, 218.48 KB | ECF FILER: Reply by Appellees Kara Bell, Tiffany Bolton, Carol M. Cowhey, Marguerite Sinkler Gilder, Fonda Kubiak, Caroline Mansour, Melinda Mehigan and Carol Rougvie in 16-3381, 16-3409, 16-3472, 16-3471, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518 to Response Response , filed. Certificate of Service dated 10/03/2016. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518] (KER) [Entered: 10/03/2016 04:38 PM] |
| 10/07/2016 | ☐ 📄 2 pg, 24.18 KB | 2nd FOLLOW UP LETTER to Mardi Harrison, Esq. for Sheila Ference requesting the following document(s): Appearance Form on or before 10/21/2016. Information Statement on or before 10/21/2016. Concise Summary on or before 10/21/2016. Transcript Purchase Order on or before 10/21/2016. Disclosure Statement on or before 10/21/2016. (PDB) [Entered: 10/07/2016 09:16 AM] |
| 10/19/2016 | ☐ 📄 2 pg, 79.19 KB | ORDER (GREENAWAY JR., Circuit Judge) denying Motion by Appellees' to Expedite Appeals, filed. Panel No.: BCO-003-E. Greenaway Jr., Authoring Judge. [16-3381, 16-3409, 16-3421, 16-3471, 16-3472, 16-3473, 16-3514, 16-3515, 16-3516, 16-3517, 16-3518] (PDB) [Entered: 10/19/2016 09:57 AM] |
| 10/25/2016 | ☐ 📄 1 pg, 29.95 KB | CLERK ORDER dismissing case, pursuant to F.R.A.P. 3(a) and LAR Misc. 107.2, for Failure to file case opening forms. Case terminated on 10/25/2016. (PDB) [Entered: 10/25/2016 09:44 AM] |

Clear All

○ **Documents and Docket Summary**
○ Documents Only

☐ **Include Page Numbers**

**Selected Pages:** 0     **Selected Size:** 0 KB

View Selected

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| Third Circuit - 08/29/2018 11:39:53 | | | |
| **PACER Login:** | tzlegal1 | **Client Code:** | 293-02 |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 16-3409 |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER META, On Behalf Of Himself And All Others Similarly Situated | ) ) | CASE NO. 4:14-CV-0832 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff | ) | |
| | ) | DECLARATION OF STUART E. |
| vs. | ) | SCOTT REGARDING APPEAL |
| | ) | BOND |
| TARGET CORPORATION, et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

I, Stuart E. Scott, being of lawful age, declare as follows:

1.      I am an attorney licensed to practice in the state of Ohio, in the United States District Courts for the Northern and Southern Districts of Ohio, and before the United States Court of Appeals for the Sixth Circuit.

2.      I have been an attorney with Spangenberg Shibley & Liber LLP ("SSL" or "Firm"), since 1995 and became partner in 2005.

3.      I will be lead litigation counsel for any appeal in this case, including the two already filed by Mr. Neumann and Ms. Ference.

4.      Based on my experience with appeals in civil litigation, it will likely take at least 30 hours of my time, and at least 100 hours total including other attorney and staff time, to handle this appeal.  The attorney time recoverable should this appeal be considered frivolous would exceed $40,000. The hourly rates shown for the attorneys at SSL are our 2018 rates charged as delineated by the Laffey Matrix (http://www.laffeymatrix.com/).

5.      I will also coordinate supervision of other attorneys, clerks, and paralegals involved in researching, drafting, reviewing, editing and filing the briefs.

1

6.      I make this Declaration in support of Plaintiffs Motion for a Bond to Secure Payment of Costs and Attorneys' Fees on Appeal (Fed. R. App.P. 7).  ("Motion").

I declare under penalty of perjury that the foregoing is true and correct.  Executed on the 7th day of September, 2018.

*/s/ Stuart E. Scott*
STUART E. SCOTT  (0064834)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
dlansdowne@spanglaw.com
sscott@spanglaw.com
dfrech@spanglaw.com

*Attorneys for Plaintiff Christopher Meta and the Class*

2