UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER META, on behalf of himself and all others similarly situated, | CASE NO. 4:14-CV-0832 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | |
| TARGET CORPORATION, et al., | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A BOND TO SECURE PAYMENT OF COSTS AND ATTORNEYS' FEES ON APPEAL (FED. R. APP. P. 7)**

Plaintiff Christopher Meta hereby submits the following Reply in support of his Motion for a Bond to Secure Payment of Costs and Attorneys' Fees on Appeal (Dkt. 184 ("Motion"). At this time, only Objector Ference has filed a response to Plaintiff's Motion. Thus, because Objector Neumann has not filed a response, Plaintiff's Motion should be considered unopposed as to him.[1]

**I.     MEMORANDUM OF POINTS AND AUTHORITIES**

In opposition to Plaintiff's Motion, Objector Ference advanced only two arguments: (i) no statute authorizes the "delay costs" sought by Plaintiff (Dkt. 185 at 1-4), and (ii) the bond prevents Ference from pursuing her appeal (*id.* at 4-6). Neither of these arguments hold water.

---

[1] Objector Neumann's response to Plaintiff's Motion was not due until September 21, 2018. For that reason, Plaintiff waited until after this date to file this Reply memorandum so as to respond to arguments advanced by both Objectors. Although a response from Objector Neumann has not appeared on the docket at this time, Plaintiff reserves the right to supplement this Reply memorandum is a response from Neumann is received.

1

### A. The Bond Amount Sought Is Appropriate

In Plaintiff's Motion, Plaintiff sought to recover costs on appeal of a total of $80,000 ($40,000 from each objector), consisting of (i) preparation and filing costs for appellate briefing and oral argument ($25,000), (ii) costs of continuing settlement administration ($15,000 at minimum), and (iii) attorneys' fees on appeal ($40,000). (Motion at 11-14.) Based almost entirely on a block quote to the Eighth Circuit's decision, Ference argues that the "delay costs associated with a class settlement" cannot be included in an appeal bond. (Dkt. 185 at 1-4.) Although Ference never specifies what precisely constitutes "delay costs," this argument appears to directed at the increased settlement administration costs related to the continued work of the settlement administrator. Thus, although Ference does not seem to take specific issue with the other two categories sought, Plaintiff addresses all three here.

First, with respect to preparation and filing costs for appellate briefing and oral argument, Ference provides no rebuttal to the authority holding that Plaintiffs are not required to make any specific "showing of costs for a bond motion," *In re Ins. Brokerage Antitrust Litig.*, No. CIV A 04-5184 GEB, 2007 WL 1963063, at *3 (D.N.J. July 2, 2007), and that in the context of appeals to class settlements, $25,000 represents a minimum amount routinely granted by courts, and greater amounts are often granted. *See, e.g., id.* at *3-5; *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295-97 (S.D.N.Y. 2010); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003). (Motion at 12.) As the Court found in *In re Ins. Brokerage Antitrust Litig.*, $25,000 represents a reasonable minimum bond account for costs because "it is not possible to anticipate all of the potential costs of a multi-party appeal," and "it is possible that the Plaintiffs will face different issues from different appellants, which may increase the expenses." 2007 WL 1963063, at *3. Indeed, in a similar appeal of a class settlement by an objector, Judge Gwin of this Court allowed a $25,000 bond for costs in reliance on the same decisions (*In re Initial Pub.*

2

*Offering* and *In re Compact Disc*) referenced in Plaintiff's Motion and again herein. Ex. A, Bond Order in *Brandewie v. Wal-Mart Stores, Inc.*, at 5 & n.24. Because Ference makes no showing to the contrary, the $25,000 sought under this category is fully appropriate.

Next, with respect to attorneys' fees, although Ference does not explicitly argue that a bond for attorneys' fees on appeal is improper, she suggests with reference to the Eighth Circuit's decision in *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608 (8th Cir. 2017) that an underlying statute must authorize any bond amount. Plaintiff does not dispute this. Of course, as the Sixth Circuit found in *In re Cardizem CD Antitrust Litig.*, when it comes to an appeal bond, "all of the various state and federal statutes asserted by the plaintiffs during the class actions could be considered in determining what sums were properly awardable." 391 F.3d 812, 817 (6th Cir. 2004). Plaintiff also notes that multiple of the cases contained in the block quote provided by Ference to *In re Target*—including *In re Cardizem*—discussed this availability of attorneys' fees when authorized by an underlying statute. Here, among the causes of action on which the court granted class certification was the Magnuson-Moss Warranty Act. (Dkt. 174.) That statute explicitly provides for consumers "to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action." 15 U.S.C. § 2310(d)(2). Thus, for the same reason the court in *In re Cardizem* affirmed the bond at issue based on the authorization of attorneys' fees by an underlying statute, 391 F.2d at 817-18, it would be appropriate to include attorneys' fees here, as well.

Finally, with respect to continuing settlement administration costs, Plaintiff submits that the Magnuson-Moss provision cited above can reasonably be read to include expenses that will be "reasonably incurred by the plaintiff for or in connection with the commencement and prosecution" of this case. 15 U.S.C. § 2310(d)(2). Thus, for that reason alone, the underlying statute should be

3

read to authorize the inclusion of continued administration expenses in the bond amount. However, even if the Court finds differently, Plaintiff referenced significant case law in his brief making the finding that continued administration costs are available—without reference to any underlying statute—over and above the costs explicitly contemplated by Rules 7 and 39(e). *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (citing *In re Cardizem* for the proposition that "courts have interpreted Rule 7 broadly to include increased expenses in settlement administration and administrative costs"); *see also, e.g.*, *In re Netflix Privacy Litigation*, 2013 WL 6173772, at *4 (N.D. Cal. 2013); *In re Nutella Marketing and Sales Practices*, 2012 WL 6013276, *2 (D.N.J. 2012); *see also* Ex. A at 5 (including $13,000 in settlement administration costs). (Motion at 12-13.) Thus, these costs should be included here.

Thus, because Ference makes no showing to indicate that the three categories sought here are not authorized, the full bond amount sought is appropriate. In the alternative, because Ference seems to only be challenging the increased settlement administration expenses, the minimum $25,000 cost figure should be assessed, along with attorneys' fees on appeal.

### B. Ference Has Not Met Her Burden to Demonstrate That a Bond Would Prevent Her from Pursuing Her Appeal

Lastly, Ference argues that the bond is being used to deter her from appealing. (Dkt. 185 at 4-6.) Although Plaintiff submits that objections to class action settlements advanced by professional serial objectors such as Ference and Newmann are brought in bad faith and for improper purposes (Motion at 11), more critical to the analysis here is that Ference altogether fails to demonstrate that a bond here would prevent her from pursuing her appeal. As Plaintiff presented in his Motion, *In re Cardizem* sets forth that the burden to demonstrate inability to pay falls to the objector. 391 F.3d at 818 (holding that objector "must demonstrate that the bond amount will constitute a barrier to her appeal"); *see also, e.g.*, *In re Initial Pub. Offering Securities Litigation*, 728 F.Supp.2d 289, 293 (S.D.N.Y.2010) ("[T]he Objectors have not presented any evidence demonstrating that they lack the

4

financial ability to post a bond. Accordingly, the Objectors' ability to do so is presumed."). Because Ference advances no facts regarding her ability (or lack thereof) to pay a bond, this argument must be rejected.

## II.    CONCLUSION

For the reasons discussed herein and in Plaintiff's Motion, the Court should impose two bonds in the amount of $40,000 each, on Objectors Ference and Neumann.

Dated:  September 24, 2018    /s/ Hassan A. Zavareei
HASSAN A. ZAVAREEI (pro hac vice)
JONATHAN K. TYCKO (pro hac vice)
ANDREW J. SILVER (pro hac vice)
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 973-0900
(202) 973-0950 (FAX)
hzavareei@tzlegal.com
jtycko@tzlegal.com
asilver@tzlegal.com

DENNIS R. LANSDOWNE (0026036)
STUART E. SCOTT  (0064834)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
dlansdowne@spanglaw.com
sscott@spanglaw.com
dfrech@spanglaw.com

*Attorneys for Plaintiff Christopher Meta and the Class*

## **CERTIFICATE OF SERVICE**

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. A true and correct copy of the foregoing was served electronically on Defendants' counsel of record. Copies will be served on Objectors' counsel by electronic mail and/or U.S. Mail.

/s/ Andrew J. Silver
Andrew J. Silver
