IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTOPHER META | ) |
| | ) CASE NO. 4:14-cv-0832 |
| Plaintiff, | ) |
| | ) JUDGE DONALD V. NUGENT |
| v. | ) |
| | ) |
| TARGET CORP., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## OBJECTOR ERICH NEUMANN'S MOTION FOR RECONSIDERATION; OR, ALTERNATIVELY, FED. R. APP. P. 8(a)(1)(A) MOTION FOR STAY PENDING APPEAL OR STAY PENDING FURTHER DISCOVERY

Class Member and Objector Erich Neumann ("Neumann"), moves this Court for reconsideration of its September 24, 2018 Order Granting Plaintiff's Motion for a Bond to Secure Payment of Costs and Attorneys' Fees on Appeal, ECF No. 188 ("Order"). The Court's Order as applied against Neumann appears to have been based in part on a good-faith but mistaken finding that Mr. Neumann had not timely filed his opposition brief; and said Order did not consider the arguments and factual evidence presented in the opposition brief. For this and other reasons provided in the following memorandum in support, this Motion for Reconsideration should be granted.

Alternatively, the undersigned seeks a Motion to Stay the Order against Objector Neumann, pursuant to FED. R. APP. P. 8(a)(1)(A). In a further alternative, Neumann suggests that any order for Neumann to pay a bond should be stayed pending discovery of his ability to pay.

## MEMORANDUM IN SUPPORT

### I. THE COURT'S BOND ORDER

In its Order, the Court found, *inter alia*, the following:

A. "Mr. Neumann has not objected to the [$40,000 bond] request" (Order at 2);

B. "Ms. Ference's appeal is meritless, frivolous, and objectively unreasonable" (*id.*);

C. "Ms. Ference has offered no evidence suggesting that she is unable to pay the requested bond, or that the bond constitutes a barrier to her ability to pursue an appeal" (*id.*)

D. "[T]here is evidence that both of the appellants are serial objectors" (*id.*); and

E. "Plaintiff has conservatively estimated that he expects to incur up to $80,000 in appellate costs [including settlement] administration costs" (*id.* at 3).

As described below, the Court was factually mistaken with respect to (A) and (E). For (B)-(D), the timely-filed Neumann Opposition Brief (ECF No. 189) and Affidavit in Support Thereof (ECF No. 189-1) present evidence distinguishing Neumann from Ference such that these findings cannot be applied to Neumann (such as detailed evidence of his inability to pay). Finally, Neumann raised additional arguments that were *not* raised in the Ference opposition brief that deserve the Court's consideration.

### II. LEGAL STANDARD

"While a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations." *U.S. v. Rohner*, No. 12-2682, 2014 WL 4809454, at *1 (N.D. Ohio Sept. 26, 2014) (citations omitted). "Generally, there are three major situations which justify a court reconsidering one of its orders: '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.'... However, the motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing

2

facts or law which would induce it to reverse its prior decision." *Id.* (quoting *Kern–Tulare Water Dist. v. Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986) (other citations omitted).

Here, the second and third reasons apply such that the Court should grant the underlying Motion for Reconsideration.

### III. LAW AND ARGUMENT

#### A. Neumann Timely Filed his Opposition Brief, and thus the Court was Mistaken that he did not Object to the Bond Request

Plaintiff filed its Motion for Bond on September 7, 2018. *See* ECF No. 184 ("Bond Mot."). Whereas Objector Ference was served via the Court's ECF system, Objector Neumann was served via mail. Thus, whereas Objector Ference's opposition on September 21, 2018, Objector Neumann's opposition was not due until September 24, 2018.[1] In any event, Objector Neumann actually faxed his opposition to the Court on September 21st,[2] and the Clerk entered said opposition brief on September 24th. *See* Neumann Opposition to Motion for Appeal Bond, ECF No. 189 ("Neumann Opp.").

Thus, the Court's finding that Neumann did not object to the bond request was a good faith mistake by this Court, and the Court did not analyze the substance of Mr. Neumann's appeal or evidence of his inability to pay. This factual mistake warrants reconsideration of the bond order as it applies to Objector Neumann.

---

[1] Plaintiffs' Reply Memorandum falsely states that Mr. Neumann's opposition brief was due on September 21st. ECF No. 187 at 1 fn.1. This is not true, as Neumann was served by mail, and does not receive notices of ECF filings. In any event, the opposition brief was faxed to the Court on September 21st.

[2] *See* Facsimile Transmission Report, attached hereto as Exhibit A. The fax was delivered on September 21, 2018, and 3:10pm EST.

B. **The Court did not Consider the Frivolity of Neumann's Appeal, which—Unlike the Ference Objection—Included Novel Issues and Unsettled Questions of Law**

As the Court noted, "[i]n deciding whether to impose a bond, the Court considers [*inter alia*] the merits of the appeal[.]" Order a 2. The Court went on to consider the merits of Ference's appeal and found that her appeal was "meritless, frivolous, and objectively unreasonable." *Id.* However, due presumably to its good faith mistake that Mr. Neumann did not oppose the bond, the Court neither considered the merits of his appeal nor made such a finding of frivolity. This warrants reconsideration of the Order as applied against Mr. Neumann, so that the Court (in its own words) can consider the merits of Mr. Neumann's appeal.

Further, as Mr. Neumann stressed in his opposition brief, the Neumann objections are distinguished from the Ference 'boiler plate' objections in that the former raised unique and novel issues, including unsettled issues of law, that would likely be reviewed under a more strict standard of appeal than 'abuse of discretion.' The undersigned respectfully refers the Court to his opposition brief with respect to these arguments; which again, distinguish the Neumann Appeal from the Ference Appeal such that a finding of frivolity with respect to the latter is inapplicable to Neumann. *See* Neumann Opp. at 12-15.

C. **Unlike Ference, Neumann Offered Evidence that he was Unable to Pay the Bond, and the Barrier it Constituted to his Ability to Appeal**

The Court also noted that "[i]n deciding whether to impose a bond, the Court considers [*inter alia*] the appellant's ability to pay a bond[.]" Order a 2. The Court correctly noted that "Ms. Ference has offered no evidence suggesting that she is unable to pay the requested bond, or that the bond constitutes a barrier to her ability to pursue an appeal." *Id.* The Court went on to explain that "[w]here an objector has failed to present any such evidence, her ability to manage the bond is presumed." *Id.* (citing *In re Initial Pub. Offering Securities Litigation*, 728 F.Supp.2d 289, 293

4

(S.D.N.Y. 2010)).

Unlike Ms. Ference, who offered no evidence of her inability to pay, Mr. Neumann provided an affidavit attesting that he does "not have the ability to post a $40,000 bond in this case, or any bond in excess of a nominal amount." Affidavit of Erich Neumann, ECF No. 189-1 ("Neumann Aff."), at ¶ 6. Further, the imposition of said bond "would effectively preclude [his] ability to pursue the appeal at issue in this case. *Id.* at ¶ 12. Further, the Affidavit did not merely state these conclusions, but offered detailed evidence with respect to his family obligations, state of his business, banking accounts, housing situation, expected income, considerable debts, and recent financial hardships. *Id.* at ¶¶ 7-11; *see also* Neumann Opp. at 11.

Thus, the Court should consider this timely submitted evidence, warranting reconsideration of the Order as it applies to Objector Neumann. The undersigned submits that this evidence weighs strongly against the imposition of a bond against Neumann. Alternatively, this Court should defer imposition of the bond against Mr. Neumann pending further discovery of his inability to pay.[3]

D.  **Unlike Ference, Neumann Offered Evidence to Dispute the Contention that he is a Bad Faith 'Serial Objector'**

According to the Court, "there is evidence that both of the appellants are serial objectors." Order at 2. However, in his opposition brief and affidavit, Neumann presented arguments and evidence rebutting the claim that he is a bad faith 'serial objector.' Neumann Opp. at 15-16; Neumann Aff. at ¶¶ 2-5. Though he has been a Class Member in numerous class actions (in which he has made claims), he has objected only four times. In each of those, he was a *member* of the

---

[3] This is precisely what the *Gemelas* court did. While Plaintiff misleadingly cited *Gemelas* for the proposition that the ability to post a filing fee is evidence of an ability to pay a bond (Pl. Bond Mot. at 10), the court actually deferred imposition of the bond due to the objector's statements that he was unwilling to pay, ordering further discovery on the issue. *Gemelas v. Dannon Co., Inc.*, No. 08-236, 2010 WL 3703811, at *3 (N.D. Ohio Aug. 31, 2010).

Class, and he has never represented another objector. And his Class membership (in each of those four) were determined by the defendants' own business records. This hardly constitutes the conduct of a 'serial objector.' The Court should consider this timely-filed evidence, further warranting reconsideration of the Order as against Mr. Neumann.

### E. The Court is Mistaken that Plaintiff will Incur Settlement Administration Costs

In the Bond Order, the Court found that "Plaintiff has conservatively estimated that he expects to incur up to $80,000 in appellate costs [including settlement] administration costs[.]" Order at 3. However, as Neumann's opposition brief points out, the Settlement Agreement provides that *Defendants* – not Plaintiff – will bear settlement administration costs. Neumann Opp. at 9. Thus, the Court made a mistake with respect to any finding that Plaintiff (the only party to move for a bond) will "incur" such costs.

### F. Neumann Raised Other Additional Arguments Worthy of the Court's Consideration

Finally, even with respect to some legal issues considered and decided by the Court, Objector Neumann made additional arguments (not in the Ference opposition) that are worthy of the Court's consideration. Whereas Ference *only* took issue with the settlement administration costs, Neumann provides facts, caselaw, and argument with respect to both the appellate costs and prospective attorneys' fees. Compare Ference Opposition Brief, ECF. No. 185 ("Ference Opp."), at 1-3 to Neumann Opp. at 4-7, 9-10. Further, whereas Ference offered no analysis of the *Gemelas* factors, Mr. Neumann alternatively addressed each and every factor. Compare Ference Opp. at 3-4 to Neumann Opp. at 10-16. These additional arguments, which were not addressed by the Court in its Order, also support reconsideration of the previous bond order.

## IV. ALTERNATIVELY, THE BOND ORDER SHOULD BE STAYED AGAINST NEUMANN PENDING HIS APPEAL OR DISCOVERY OF NEUMANN'S ABILITY TO PAY THE BOND AMOUNT

Alternatively, given the evidence provided by Mr. Neumann of his inability to pay, the undersigned moves—pursuant to FED. R. APP. P. 8(a)(1)(A)—for an order staying the imposition of a bond pending the appeal of this Court's bond order to the Sixth Circuit. As another alternative, Neumann asks that this Court, similar to what other courts have done, to stay imposition of the bond against Neumann until there is further discovery with respect to Neumann's ability to pay.

## V. CONCLUSION

For all of the reasons provided herein, coupled with those provided in the Neumann Bond Opposition Brief, this Motion for Reconsideration should be granted, and the Bond Order should be vacated as against Objector Neumann. Alternatively, Neumann seeks a stay, either during the pendency of his appeal or pending discovery of Neumann's ability to pay the bond amount.

DATE: September 26, 2018                              Respectfully,

Erich Neumann
Attorney and Objector / Class Member
Erich B. Neumann, P.L.
407 Lincoln Road, Suite 2C
Miami Beach, FL 33139
Phone: (305) 735-2404
Facsimile: (305) 735-2651
ebn@ebnlaw.com

7

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was faxed to the Court and additionally mailed to the following on September 26, 2018:

Clerk of Courts
Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, Ohio 44113

Stuart E. Scott
Spangenberg, Shibley & Liber LLP
1001 Lakeside Avenue East,
Suite 1700
Cleveland, Ohio 44114

Karl A. Bekeny
Tucker Ellis LLP
950 Main Avenue,
Suite 1100
Cleveland, Ohio 44113

Erich Neumann