No. 18-3840

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 29, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CHRISTOPHER META, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff-Appellee, ) ) | |
| ERICH BERNARD NEUMANN, ) ) | |
| Plaintiff-Appellant, ) ) ) | O R D E R |
| v. ) ) | |
| TARGET CORPORATION; NICE-PAK PRODUCTS, INC., ) ) ) | |
| Defendants-Appellees. ) | |

Before: SILER, ROGERS, and COOK, Circuit Judges.

Objector Erich Neumann appeals the order approving a settlement of this class action. Plaintiff Christopher Meta moves to dismiss the appeal based on the failure of Neumann to post a Federal Rule of Appellate Procedure 7 bond as directed by the district court. Neumann opposes the motion to dismiss and moves for a stay pending appeal of the order requiring the posting of a bond. Meta replies in support of dismissal and opposes the motion for a stay.

Rule 7 provides that "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The purpose of a Rule 7 bond is to protect the rights of the appellee by securing the payment of costs if the appellant is unsuccessful on appeal. *See Adsani v. Miller*, 139 F.3d 67, 75

(2d Cir. 1998). Although the posting of an appeal bond is not a jurisdictional requirement, "failure to execute such a bond unless exempted by law, is grounds for dismissal of the appeal." *Powers v. Citizens Union Nat'l Bank & Trust Co.*, 329 F.2d 507, 508–09 (6th Cir. 1964); *see also In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 816 (6th Cir. 2004). In addressing a motion to dismiss for failure to post a Rule 7 bond, we consider "factors such as the prejudice to the other parties, the demonstrated justification for the failure to post the bond, and the merits of the underlying appeal." *In re Cardizem*, 391 F.3d at 818.

Meta argued before the district court that a bond in the amount of $80,000 is justified. He asserted that the additional costs of administration of the settlement caused by the delay will be approximately $15,000 to $18,000. Attorney fees for the appeal, which he maintained are recoverable to a prevailing party under the Magnuson-Moss Warranty Act, are estimated to be $40,000. And Meta claimed that taxable costs under 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39(e) would amount to at least $25,000. The district court directed Neumann, as well as a second objector who has since dismissed her appeal, to post a bond in the amount of $40,000, for a total bond of $80,000. After the dismissal of the second objector's appeal, Meta moved the district court to increase the bond to be posted by Neumann to $80,000. The district court granted that motion by marginal entry on November 19, 2018.

Before the district court, Neumann's objections included challenges to the calculation of the amount of the Rule 7 bond, noting that Meta has not demonstrated that he would incur any taxable costs, *see Tennille v. Western Union Co.*, 774 F.3d 1249, 1257 (10th Cir. 2014), and that attorney fees under the Magnuson-Moss Warranty Act were not recoverable as cost against a class objector. *See In re Magsafe Apple Power Adapter Litig.,* 571 F. App'x 560, 563 (9th Cir. 2014); *In re Porsche Cars N. Am. Inc. Plastic Coolant Tubes Prods. Liab. Litig.*, 2014 WL 2931465, at

*4–5 (S.D. Ohio June 30, 2014).  Neumann also asserted that he lacked the financial ability to post a $40,000 bond.  The district court did not give a reasoned explanation of its denial of Neumann's objections.  And now, again without providing any reasoning, the district has increased the amount to the bond to be posted by Neumann to $80,000.  In the absence of a more complete ruling by the district court, we cannot adequately address the motion to dismiss or the motion for a stay pending appeal.

Accordingly, the action is **REMANDED** to the district court for the limited purpose of reconsidering Neumann's objections to the Rule 7 bond.  The motion to dismiss and the motion for a stay will be addressed in a subsequent order following our receipt of a ruling by the district court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk