UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER META, On Behalf Of Himself And All Others Similarly Situated </br></br>Plaintiff,</br></br>vs.</br></br>TARGET CORPORATION, *et al.*</br></br>Defendants. | CASE NO. 4:14-CV-0832 </br></br></br></br>JUDGE DONALD C. NUGENT |

## ▓▓▓▓▓▓ ORDER

This matter is before the Court on reconsideration of Mr. Neumann's objections to the Federal Appellate Rule 7 bond. For the reasons that follow, the Court hereby imposes bond on Mr. Neumann in the amount of $40,000.00.

### I. Introduction

This Court has already determined that a Rule 7 bond is appropriate. Dkt. 188. The Sixth Circuit has remanded this case to reconsider Neumann's objections to the Rule 7 bond. Dkt. 201. Neumann has objected to the amount of bond. He has also objected on the grounds that he cannot pay the bond. Neumann has failed to provide a legal basis preventing issuance of a bond in this case. Nor has he submitted evidence of his inability to pay beyond his affidavit stating that he lacks the funds to pay. *See* Dkt. 189-1.

### II. Analysis

Appellate Rule 7 permits district courts to require appellants "to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed.R.App.P. 7. The district court has discretion in determining the amount a bond should be. *Gemelas v. Dannon Co, Inc.*, No. 1:08-cv-238, 2010 WL 3703811, at *3 (N.D. Ohio Aug. 31, 2010) ( Polster, J.). When

imposing bond, courts typically consider multiple factors, including: (1) the financial ability to post a bond; (2) the risk that appellant would not pay a bond if appeal is not successful; (3) the merits of the appeal; and (4) whether appellant has shown any bad faith or vexatious conduct. *Id.* at *1 (citation omitted).[1]

Neumann contends that he cannot post a bond, but this is not determinative, especially as the only proof of his inability to pay is a self-serving affidavit (Dkt. 189-1). Indeed, at $40,000 the bond is relatively modest. In addition, a bond is proper for an individual like Neumann, who the Court previously found to be a serial objector. *See* Dkt. 188 at PageID #: 9368 ("there is evidence that both of the appellants are serial objectors."). Therefore, the Court finds that Neumann's purported inability to pay does not outweigh the possibility that this appeal is filed in bad faith.

Neumann also objects to the amount of bond. Those objections are overruled.

Plaintiff requests bond in the amount of $40,000.00. This includes both $25,000 in projected costs and $15,000 in settlement administration costs.[2]

As to costs, 28 U.S.C. § 1920 permits the recovery of litigation costs. In his motion for bond, Plaintiff indicated that he anticipated $25,000 in costs. Dkt. 184 at PageID #: 9322. Neumann has argued that Plaintiff has not made a sufficient showing that $25,000 in costs is proper, but a "delineated showing of costs for a bond motion" is not required. *See In re Ins. Brokerage Antitrust Litigation*, No. Civ. 4-5184, 2007 WL 1963063, at *2 (D.N.J. Jul. 2, 2007). Furthermore in cases with voluminous records—which this case certainly is—courts have ordered bonds with estimated litigation costs at or above $25,000. *See, e.g. In re Currency Conversion Fee Antitrust Litigation*,

---

[1] Because the Court has already ruled that a bond is proper, it will only look at these factors in the context of Neumann's objections.

[2] Previously, Plaintiff requested that any bond include $40,000 in attorney's fees. Plaintiff does not seek those costs at this juncture. Therefore, the bond amount does not include any amount for attorney's fees.

No. M 21-95, MDL No. 1409, 2010 WL 1253741, at *3 (S.D.N.Y. Mar. 5, 2010) (ordering appellate bond that included $50,000 in costs due to voluminous record and number of appellants).

In addition, claim administration costs are recoverable, and thus, properly included in a Rule 7 bond. *E.g. In re Nutella Marketing and Sales Practices Litigation*, 589 F.App'x. 53, 61 (upholding district court's decision to include settlement administration costs in bond amount); *In re General Elec. Co. Securities Litigation*, 87 Fed. R. Serv. 3d 1397 (S.D.N.Y. 2014) (entering $54,700 appeal bond that included settlement administration costs). The administrator of the settlement has estimated that an appeal would lead to increased settlement administration costs of $15,000 - $18,000. Dkt. 184 at PageID #: 9327. Therefore, $15,000 in settlement administration costs is appropriate for a Rule 7 bond.

### III. Conclusion

For the foregoing reasons, the Court sets the Rule 7 bond against Objector Erich Neumann in the amount of $40,000.00. Objector's motion for reconsideration is denied.

***IT IS SO ORDERED.***

_February 15, 2019_
DATE

_Donald C. Nugent_
JUDGE